EXHIBIT J

**BYLAWS**

**OF**

**CONCORDIA UNIVERSITY TEXAS**

596941

# TABLE OF CONTENTS

**Page**

## ARTICLE ONE

### OFFICES

Section 1.1. Location of Offices ................................................................................................ 1

## ARTICLE TWO

### PURPOSES

Section 2.1. Specific Purposes ................................................................................................... 1
Section 2.2. Limitations on Activities ....................................................................................... 1
Section 2.3. Limitations on Distributions .................................................................................. 2
Section 2.4. Affairs of the University ........................................................................................ 2

## ARTICLE THREE

### MEMBERSHIP

## ARTICLE FOUR

### BOARD OF REGENTS

Section 4.1. Governance of the University ................................................................................ 2
Section 4.2. Duties of the Board of Regents .............................................................................. 2
Section 4.3. Number, Qualifications, Election and Term of Office .......................................... 2
Section 4.4. Removal; Filling of Vacancies ............................................................................... 3
Section 4.5. Place of Meetings ................................................................................................... 3
Section 4.6. Regular Meetings ................................................................................................... 3
Section 4.7. Special Meetings .................................................................................................... 3
Section 4.8. Quorum and Manner of Acting .............................................................................. 3
Section 4.9. Compensation of Members of the Board ............................................................... 3
Section 4.10. Action Without a Meeting .................................................................................... 3
Section 4.11. Action Without a Meeting by Use of a Conference Telephone ........................... 4

## ARTICLE FIVE

### NOTICES

Section 5.1. Manner of Giving Notice ....................................................................................... 4
Section 5.2. Waiver of Notice .................................................................................................... 4

## ARTICLE SIX

## MANAGEMENT OF THE UNIVERSITY

Section 6.1. Administration of the University ................................................................... 4
Section 6.2. Election of the President ............................................................................... 4
Section 6.3. Duties of the President .................................................................................. 5
Section 6.4. Compensation ................................................................................................ 5
Section 6.5. Term of Office: Filling of Vacancies: Removal ............................................ 5

## ARTICLE SEVEN

## MISCELLANEOUS

Section 7.1. Loans to Officers and Board Members .......................................................... 5
Section 7.2. Signature of Negotiable Instruments ............................................................. 5
Section 7.3. Fiscal Year ..................................................................................................... 5
Section 7.4. Seal ................................................................................................................ 5
Section 7.5. Indemnification .............................................................................................. 5
Section 7.6. Books and Records ........................................................................................ 9

## ARTICLE EIGHT

## AMENDMENTS OF THE BYLAWS

# BYLAWS
# OF
# CONCORDIA UNIVERSITY TEXAS

## ARTICLE ONE

## OFFICES

**Section 1.1.   Location of Offices.** Concordia University Texas (the "University") may have, in addition to its registered office, offices and places of business at such places, both within and without the State of Texas, as the Board of Regents of the University, which serves as the board of directors, (the "Board") may from time to time determine or the business and affairs of the University may require.

## ARTICLE TWO

## PURPOSES

**Section 2.1.   Specific Purposes.** The University shall have such purpose as set forth in the articles of incorporation for the University (the "Articles of Incorporation"), as amended, supplemented or restated. Such purpose includes but is not limited to the support and maintenance of an educational institution. Subject to the restrictions and limitations set forth herein, the University shall have the power to do all lawful acts necessary or desirable to carry out its purposes, including, but not limited to, maintaining and holding real and/or personal property and applying the whole or any part of the income therefrom and the principal thereof exclusively for charitable and/or educational purposes, either directly or by contributions to organizations that qualify as exempt organizations under Section 501(c)(3) of the Internal Revenue Code and its regulations as they now exist or as they may be hereafter amended.

**Section 2.2.   Limitations on Activities.** Notwithstanding any other provision of the Articles of Incorporation or these Bylaws, the University shall not conduct or carry on any activities not permitted to be conducted or carried on by an organization exempt from taxation under Section 501(c)(3) of the Internal Revenue Code and its regulations as they now exist or as they may be hereafter amended. Upon dissolution of the University or the winding up of its affairs, the assets of the University shall be transferred, conveyed, and distributed to The Lutheran Church-Missouri Synod, a nonprofit Missouri corporation provided, however, if The Lutheran Church-Missouri Synod is no longer then in existence or is not exempt under Section 501(c)(3) of the Internal Revenue Code of 1986 (as the same may hereafter be amended and supplemented), then, in such event, all such assets shall be transferred, conveyed and distributed to such other nonprofit organization(s) as may be specified in or provided for under the plan of distribution adopted by the University, provided, however, that in any event, each such distributee organization shall be exempt under the provisions of Section 501(c)(3) of the Internal Revenue Code of 1986 (as the same may hereafter be amended and supplemented).

**Section 2.3.   Limitations on Distributions.** No substantial part of the activities of the University shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the University shall not participate in or intervene in (including the publication or distribution of statements) any political campaign on behalf of any candidate for public office. No part of the earnings of the University shall inure to the benefit of any member of the Board or officer of the University or any private individual (except that reasonable compensation may be paid for services rendered to or for the University affecting one or more of its purposes), and no member of the Board or officer of the University or any private individual shall be entitled to share in the distribution of any of the Corporate assets on dissolution of the University or otherwise.

**Section 2.4.   Affairs of the University.** The University is and shall operate as an educational institution of The Lutheran Church -Missouri Synod, a Missouri not-for-profit corporation, subject to the provisions of the constitution and bylaws of the Lutheran Church-Missouri Synod as contained in the Handbook of the Lutheran Church-Missouri Synod, as may from time to time be amended, modified or supplemented (the "LCMS Handbook").

## ARTICLE THREE

## MEMBERSHIP

The University shall have no members.

## ARTICLE FOUR

## BOARD OF REGENTS

**Section 4.1.   Governance of the University.** The business and affairs of the University shall be governed by its Board, who may exercise all such powers of the University and do all such lawful acts and things as are set forth in the Board Policy Manual as adopted by the Board and as may from time to time be amended (the "Policy Manual").

**Section 4.2.   Duties of the Board of Regents.** In exercising its relationship to The Lutheran Church-Missouri Synod (the "Synod") and to the Board for University Education *of the Synod*, the Board of Regents shall assume the responsibilities as defined in the *LCMS* Handbook. The Board of Regents shall develop policies which delineate their responsibilities and duties as well as those of the President of the University. The Board shall elect a Chairman, Vice Chairman, and Secretary responsible for leading and conducting the efforts of the Board and for the recording of the actions of the Board.

**Section 4.3.   Number, Qualifications, Election and Term of Office.** The number, qualifications, election and term of office of the Board members shall be as set forth and governed by the provisions of the LCMS Handbook.

**Section 4.4.   Removal; Filling of Vacancies.** The removal of any member of the Board and the filling of vacancies shall be as set forth and governed by the provisions of the LCMS Handbook and the Policy Manual.

**Section 4.5.   Place of Meetings.** Meetings of the Board, annual, regular or special, may be held either within or without the State of Texas.

**Section 4.6.   Regular Meetings.** Regular meetings of the Board, of which no notice shall be necessary, shall be held at such times and places as may be fixed from time to time by resolution adopted by the Board and communicated to all Board members. Except as otherwise provided by statute, the Articles of Incorporation or these Bylaws, any and all business may be transacted at any regular meeting.

**Section 4.7.   Special Meetings.** Special meetings of the Board may be called by the Chairman on twenty-four (24) hours notice to each Board member, either personally or by mail or by facsimile or electronic mail. Special meetings shall be called by the Chairman or Secretary in like manner and on like notice on the written request of three (3) Board members. The business to be transacted at, and the purpose of, any special meeting of the Board shall be limited to that which is specified in the notice or the waiver of notice of such meeting.

**Section 4.8.   Quorum and Manner of Acting.** At all meetings of the Board, the presence of a majority of the number of Board members fixed by these Bylaws shall be necessary and sufficient to constitute a quorum for the transaction of business except as otherwise provided by statute, by the Articles of Incorporation or by these Bylaws. The act of a majority of the number of Board members present at a meeting at which a quorum is present shall be the act of the Board unless the act of a greater number is required by statute, by the Articles of Incorporation or by these Bylaws, in which case the act of such greater number shall be requisite to constitute the act of the Board. If a quorum shall not be present at any regular meeting of the Board, the Board members present thereat may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present. Upon the resumption of such an adjourned meeting, any business may be transacted which might have been transacted at the meeting as if originally convened. This provision does not apply to special meetings.

**Section 4.9.   Compensation of Members of the Board.** Members of the Board as such will not receive any compensation for their services. However, any Board member may be reimbursed for his or her actual expenses incurred in the performance of his or her duties. No member of the Board shall be eligible to appointment to any paid employment at the University. Nothing herein contained shall be construed to preclude any Board member from serving the University in any other capacity and receiving compensation therefore.

**Section 4.10.   Action Without a Meeting.** Any action required or permitted to be taken at a meeting of the Board may be taken without a meeting if a consent in writing setting forth the action so taken is signed by all the members of the Board. Such consent shall have the same force and effect as a unanimous vote at a meeting and may be stated as such in

any document.

**Section 4.11.   Action Without a Meeting by Use of a Conference Telephone.** Subject to the provisions required or permitted by the controlling law for notice of meetings, members of the Board or members of any committee designated by the Board may participate in and hold a meeting of the Board or such committee by means of a conference telephone or similar communications equipment by means of which all persons participating in the meeting can communicate with each other, and participation in a meeting pursuant to this Section shall constitute presence in person at such meeting, except where a person participates in the meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.

## ARTICLE FIVE

## NOTICES

**Section 5.1.   Manner of Giving Notice.** Whenever, under the provisions of the Texas Non-Profit Corporation Act, the Articles of Incorporation or these Bylaws, notice is required to be given to any committee member or member of the Board, and no provision is made as to how such notice shall be given, it shall not be construed to mean personal notice, but any such notice may be given in writing by mail, postage prepaid, addressed to such committee member or member of the Board at his or her address as it appears on the records of the University by fax at the number given by the member or by email to the address given by the member. Any notice required or permitted to be given by mail shall be deemed to be delivered at the time when the same shall be thus deposited in the United States mail, as aforesaid.

**Section 5.2. Waiver of Notice.** Whenever any notice is required to be given to any committee member or member of the Board under the provisions of the Texas Non-Profit Corporation Act, the Articles of Incorporation, or these Bylaws, a waiver thereof in writing signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice. Attendance by a member of the Board at a committee meeting or a meeting of the Board shall constitute a waiver of notice of such meeting, except where a member of the Board attends a meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.

## ARTICLE SIX

## MANAGEMENT OF THE UNIVERSITY

**Section 6.1.   Administration of the University.** The daily administration of the University shall be the responsibility of the President. *He shall be, ex officio, a member of the Board without the right to vote, and be its sole administrative officer.* He shall report to the Board of Regents of the University.

**Section 6.2.   Election of the President.** The procedure for the election of the

President shall be conducted as required by the *LCMS* Handbook. The terms of the *employment* contract shall be set by the Board of Regents. Renewal of the contract shall be conducted as required by the *LCMS* Handbook.

**Section 6.3.   Duties of the President.** The President shall be the executive officer of the University and serve as the spiritual, academic and administrative head of the University. In this capacity he has the authority to hire, promote, dismiss and establish compensation levels for all staff and employees of the University. He has the authority to appoint officers of the University for its effective administration and to preserve the financial and academic integrity of the institution. In exercising this authority he shall function within the policies established by the Board of Regents and the Board for Higher Education of The Lutheran Church-Missouri Synod.

**Section 6.4.   Compensation.** The compensation of the President shall be fixed from time to time by the Board, consistent with these Bylaws.

**Section 6.5.   Term of Office: Filling of Vacancies: Removal.** Each officer of the University shall hold office until his successor is chosen and qualified in his stead or until his earlier death, resignation, retirement, disqualification or removal from office; provided however that the term of office shall be governed by and as set forth in the LCMS Handbook.

## ARTICLE SEVEN

## MISCELLANEOUS

**Section 7.1.   Loans to Officers and Board Members.** No loans shall be made by the University to any officers or member of the Board, and any member of the Board voting for or assenting to the making of any such loan, and any officer participating in the making thereof, shall be jointly and severely liable to the University for the amount of such loan until repayment thereof.

**Section 7.2.   Signature of Negotiable Instruments.** All bills, notes, checks or other instruments for the payment of money shall be signed or countersigned by such officer, officers, agent or agents, and in such manner, as are permitted by these Bylaws and as from time to time may be prescribed by resolution (whether general or special) of the Board and the Policy Manual, as applicable.

**Section 7.3.   Fiscal Year.** The fiscal year of the University shall be fixed by resolution of the Board.

**Section 7.4.   Seal.** The seal of the University, if any, shall be in such form as shall be adopted and approved from time to time by the Board. The seal may be used by causing it, or a facsimile thereof, to be impressed, affixed, imprinted or in any manner reproduced.

**Section 7.5. Indemnification.**

     **A.**    **Definitions**. In this Section:

         (1) "*Indemnitee*" means (i) any present or former member of the Board ("Board Member"), advisory Board Member or officer of the University; (ii) any person who, while serving in any of the capacities referred to in clause (i) hereof, served at the University's request as a Board Member, officer, partner, venturer, proprietor, trustee, employee, agent or similar functionary of another foreign or domestic corporation, partnership, joint venture, trust, employee benefit plan or other enterprise; and (iii) any person nominated or designated by (or pursuant to authority granted by) the Board or any committee thereof to serve in any of the capacities referred to in clauses (i) or (ii) hereof.

         (2) "*Official Capacity*" means (i) when used with respect to a Board Member, the office of Board Member of the University, and (ii) when used with respect to a person other than a Board Member, the elective or appointive office of the University held by such person or the employment or agency relationship undertaken by such person on behalf of the University, but in each case does not include service for any other foreign or domestic corporation or any partnership, joint venture, sole proprietorship, trust, employee benefit plan or other enterprise, except as allowed for in Section 7.5.A(1)(ii) above.

         (3) "*Proceeding*" means any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative, any appeal in such an action, suit or proceeding, and any inquiry or investigation that could lead to such an action, suit or proceeding.

     **B.**    **Indemnification**. The University shall indemnify every Indemnitee against all judgments, penalties (including excise and similar taxes), fines, amounts paid in settlement, and reasonable expense actually incurred by the Indemnitee in connection with any Proceeding in which he or she was, is or is threatened to be named a defendant or respondent, or in which he or she was or is a witness without being named a defendant or respondent, by reason, in whole or in part, of his or her serving or having served, or having been nominated or designated to serve, in any of the capacities referred to in Section 7.5.A. above, if it is determined in accordance with Section 7.5.D. that the Indemnitee (i) conducted himself or herself in good faith, (ii) reasonably believed, in the case of conduct in his or her Official Capacity, that his or her conduct was in the University's best interests and, in all other cases, that his or her conduct was at least not opposed to the University's best interests, and (iii) in the case of any criminal Proceeding, had no reasonable cause to believe that his or her conduct was unlawful; *provided, however,* that in the event that an Indemnitee is found liable to the University or is found liable on the basis that personal benefit was improperly received by the Indemnitee, the indemnification (i) is limited to reasonable expenses actually incurred by the Indemnitee in connection with the Proceeding and (ii) shall not be made in respect of any Proceeding in which the Indemnitee shall have been found liable for willful or intentional misconduct in the performance of his or her duty to the University. Except as provided in the immediately preceding proviso to the first sentence of this Section 7.5.B., no indemnification shall be made under this Section 7.5.B. in respect of any Proceeding in which such Indemnitee shall have been (i) found liable on the basis that personal benefit was improperly received by him or her, whether or not the benefit resulted from an action taken

in the Indemnitee's Official Capacity, or (ii) found liable to the University. The termination of any Proceeding by judgment, order, settlement or conviction, or on a plea of nolo contendere or its equivalent, is not of itself determinative that the Indemnitee did not meet the requirements set forth in clauses (i), (ii) or (iii) in the first sentence of this Section 7.5.B. An Indemnitee shall be deemed to have been found liable in respect of any claim, issue or matter only after the Indemnitee shall have been so adjudged by a court of competent jurisdiction after exhaustion of all appeals therefrom. Reasonable expenses shall include, without limitation, all court costs and all fees and disbursements of attorneys for the Indemnitee.

          **C.**     **Successful Defense**. Without limitation of Section 7.5.B. and in addition to the indemnification provided for in Section 7.5.B., the University shall indemnify every Indemnitee against reasonable expenses incurred by such person in connection with any Proceeding in which he or she is a witness or a named defendant or respondent because he or she served in any of the capacities referred to in Section 7.5.B., if such person has been wholly successful, on the merits or otherwise, in defense of the Proceeding.

          **D.**     **Determinations**. Any indemnification under Section 7.5.B. (unless ordered by a court of competent jurisdiction) shall be made by the University only upon a determination that indemnification of the Indemnitee is proper in the circumstances because he or she has met the applicable standard of conduct. Such determination shall be made (i) by the Board by a majority vote of a quorum consisting of Board Members who, at the time of such vote, are not named defendants or respondents in the Proceeding; (ii) if such a quorum cannot be obtained, then by a majority vote of all Board Members (in which designation Board Members who are named defendants or respondents in the Proceeding may participate), such committee to consist solely of two (2) or more Board Members who, at the time of the committee vote, are not named defendants or respondents in the Proceeding; or (iii) by special legal counsel selected by the Board or a committee thereof by vote as set forth in clauses (i) or (ii) of this Section 7.5.D. or, if the requisite quorum of all of the Board Members cannot be obtained therefor and such committee cannot be established, by a majority vote of all of the Board Members (in which Board Members who are named defendants or respondents in the Proceeding may participate). Determination as to reasonableness of expenses shall be made in the same manner as the determination that indemnification is permissible, except that if the determination that indemnification is permissible is made by special legal counsel, determination as to reasonableness of expenses must be made in the manner specified in clause (iii) of the preceding sentence for the selection of special legal counsel. In the event a determination is made under this Section 7.5.D. that the Indemnitee has met the applicable standard of conduct as to some matters but not as to others, amounts to be indemnified may be reasonably prorated.

          **E.**     **Advancement of Expenses.** Reasonable expenses (including court costs and attorneys' fees) incurred by an Indemnitee who was or is a witness or who is or is threatened to be made a named defendant or respondent in a Proceeding shall be paid by the University at reasonable intervals in advance of the final disposition of such Proceeding, and without making any of the determinations specified in Section 7.5.D., after receipt by the

University of (i) a written affirmation by such Indemnitee of his or her good faith belief that he or she has met the standard of conduct necessary for indemnification by the University under this Section and (ii) a written undertaking by or on behalf of such Indemnitee to repay the amount paid or reimbursed by the University if it shall ultimately be determined that he or she is not entitled to be indemnified by the University as authorized in this Section. Such written undertaking shall be an unlimited obligation of the Indemnitee but need not be secured and it may be accepted without reference to financial ability to make repayment. Notwithstanding any other provision of this Section, the University may pay or reimburse expenses incurred by an Indemnitee in connection with his or her appearance as a witness or other participation in a Proceeding at a time when he or she is not named a defendant or respondent in the Proceeding.

    F. **Employee Benefit Plans**. For purposes of this Section, the University shall be deemed to have requested an Indemnitee to serve an employee benefit plan whenever the performance by him or her of his or her duties to the University also imposes duties on or otherwise involves services by him or her to the plan or participants or beneficiaries of the plan. Excise taxes assessed on an Indemnitee with respect to an employee benefit plan pursuant to applicable law shall be deemed fines. Action taken or omitted by an Indemnitee with respect to an employee benefit plan in the performance of his or her duties for a purpose reasonably believed by him or her to be in the interest of the participants and beneficiaries of the plan shall be deemed to be for a purpose which is not opposed to the best interests of the University.

    G. **Other Indemnification and Insurance.** The indemnification provided by this Section shall (i) not be deemed exclusive of, or to preclude, any other rights to which those seeking indemnification may at any time be entitled under the University's Articles of Incorporation, any law, agreement or vote of disinterested Board Members, or otherwise, or under any policy or policies of insurance purchased and maintained by the University on behalf of any Indemnitee, both as to action in his or her Official Capacity and as to action in any other capacity, (ii) continue as to a person who has ceased to be in the capacity by reason of which he or she was an Indemnitee with respect to matters arising during the period he or she was in such capacity, and (iii) inure to the benefit of the heirs, executors, and administrators of such a person.

    H. **Construction.** The indemnification provided by this Section shall be subject to all valid and applicable laws, including, without limitation, Article 2.22A. of the Texas Non-Profit Corporation Act, and, in the event this Section or any of the provisions hereof or the indemnification contemplated hereby are found to be inconsistent with or contrary to any such valid laws, the latter shall be deemed to control and this Section shall be regarded as modified accordingly, and, as so modified, to continue in full force and effect.

    I. **Continuing Offer, Reliance, etc.** The provisions of this Section (i) are for the benefit of, and may be enforced by, each Indemnitee of the University the same as if set forth in their entirety in a written instrument duly executed and delivered by the University and such Indemnitee, and (ii) constitute a continuing offer to all present and future Indemnitees. The University, by its adoption of these Bylaws, (i) acknowledges and

agrees that each Indemnitee of the University has relied upon and will continue to rely upon the provisions of this Section in becoming, and serving in any of the capacities referred to in Section 7.5.A.(1) hereof, (ii) waives reliance upon, and all notices of acceptance of, such provisions by such Indemnitees, and (iii) acknowledges and agrees that no present or future Indemnitee shall be prejudiced in his or her right to enforce the provisions of this Section in accordance with their terms by any act or failure to act on the part of the University.

    **J.** **Effect of Amendment.** No amendment, modification or repeal of this Section or any provision hereof shall in any manner terminate, reduce or impair the right of any past, present or future Indemnitees to be indemnified by the University, nor the obligation of the University to indemnify any such Indemnitees, under and in accordance with the provisions of this Section as in effect immediately prior to such amendment, modification or repeal with respect to claims arising from or relating to matters occurring, in whole or in part, prior to such amendment, modification or repeal, regardless of when such claims may arise or be asserted.

  **Section 7.6.** **Books and Records.** The University shall keep correct and complete books and records of account and shall also keep minutes of the proceedings of the Board and committees having any of the authority of the Board.

## ARTICLE EIGHT

## AMENDMENTS OF THE BYLAWS

  The power to alter, amend or repeal these Bylaws or adopt new bylaws shall be vested in the Board provided that any such changes shall be approved by a simple majority of the Board.

* * *