IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE LUTHERAN CHURCH—MISSOURI SYNOD, a Missouri nonprofit corporation, § § § | | |
| Plaintiff, § § | | |
| v. § § | Case No. 1:23-cv-1042-RP | |
| DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1–12 § § § § § | [consolidated with 1:24-cv-00176-RP] | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

1. What are the cause of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses and counterclaims pled?

   *Claims*

   **Plaintiff Lutheran Church—Missouri Synod, a Missouri nonprofit corporation ("LCMS") has asserted claims for declaratory relief, breach of contract, promissory estoppel, breach of fiduciary duty, tortious interference with contract, and violations of the Texas Business Organizations Code. Defendant Concordia University Texas, Inc. ("CTX") has filed its own affirmative claim for declaratory relief in a second lawsuit consolidated into this one.**

   **Declaratory Relief. The competing claims for declaratory relief relate to the legality of actions taken by the Defendants relating to changing the articles of incorporation and bylaws of CTX.**

   **Breach of Contract. The elements of a claim for breach of contract under Texas law are (1) a valid contract existed between the plaintiffs and the defendants; (2) the plaintiffs tendered performance or were excused from doing so; (3) the defendants breached the terms of the contract; and (4) the plaintiffs sustained damages as a result of the defendants' breach.**

   **Promissory Estoppel. The elements of a claim for promissory estoppel under Texas law are (1) a promise, (2) foreseeability of reliance by the promisor, (3) substantial and reasonable reliance by the promisee to its detriment, and (4) enforcing the promise is necessary to avoid injustice.**

1

**Breach of Fiduciary Duty**. The elements of a claim for breach of fiduciary duty under Texas law are (1) a fiduciary relationship existed between the plaintiff and the defendant, (2) the defendant breached its fiduciary duty, and (3) the breach resulted in injury to the plaintiff or benefit to the defendant.

**Tortious Interference**. The elements of a claim for tortious interference with contract under Texas law are (1) the plaintiff had a valid contract subject to interference; (2) the defendant willfully and intentionally interfered with the contract; (3) the interference proximately caused the plaintiff's injury; and (4) the plaintiff incurred actual damage and loss.

**Texas Business Organizations Code**. The claim of violation of the Texas Business Organizations Code is that Texas law requires nonprofit corporations to enact articles of incorporation, also known as a certificate of formation, or in this case the CTX Charter. *See* TBOC § 3.005. Any certificate of amendment to articles of incorporation (or a charter) must contain an express statement that the amendment has been approved "in the manner required by this code and the governing documents of the entity." *See* TBOC § 3.053(4). Further, under Texas law, it is a class A misdemeanor to file with the Texas Secretary of State a certificate of amendment to articles of incorporation containing "a false statement of material fact[.]" *See* TBOC §§ 4.007, 4.008. LCMS contends Defendants breached these sections of the TBOC.

*Defenses*

Neither party has pled its defenses in these proceedings because there is a pending motion to dismiss for lack of subject matter jurisdiction for 1:23-cv-1042 and a pending motion to remand for lack of subject matter jurisdiction for 1:24-cv-00176. However, should this Court exercise jurisdiction, it is anticipated that the following defenses may be asserted:

**Lack of Consideration**. Lack of consideration occurs when the contract, at its inception, does not impose obligations on both parties.

**Lack of Standing**. Standing requires a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court.

**Lack of Capacity**. A plaintiff lacks capacity when it is not entitled to recover in the capacity in which it sues. LCMS contends that as a defendant, Synod lacks capacity to be sued and also is not liable in the capacity in which it is sued.

**Justification**. Justification can be based on the exercise of either: (1) one's own legal rights; or (2) a good-faith claim to a colorable legal right, even though that claim ultimately proves to be mistaken.

**Privilege**. A party is privileged to interfere with the contractual relations of another if: (1) it acts in the bona fide exercise of its own rights, or (2) the interfering party has an equal or superior right in the subject matter to that of the party to the contract.

**Lack of Jurisdiction under the First Amendment**. Courts do not have jurisdiction to decide questions of an ecclesiastical or inherently religious nature.

**Defect of the Parties**. LCMS contends there is a defect in the naming of the parties, namely that the purported Lutheran Church—Missouri Synod, an unincorporated association of Lutheran Congregations is not a legal entity, but rather an entity created by CTX named to defeat diversity jurisdiction.

**Lack of Authority**. Each side contends that certain Plaintiff(s) and/or Defendant(s) lacked authority to take certain actions supporting their claims or defenses.

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

   a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

   b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

   **Diversity jurisdiction is contested.** *See* **Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to Join Indispensable Parties (Doc. 13) for 1:23-cv-1042 and Plaintiff's Motion to Remand (Doc. 5) for 1:24-cv-00176. The parties agree the amount in controversy exceeded $75,000 at the time of removal. There are no partnerships or limited liability company parties.**

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**Plaintiff in 1:23-cv-1042 has named 12 John Doe defendants that have not been named or served.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   **Not at this time. However, the parties anticipate being able to reach agreements and stipulations on facts and elements before trial.**

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

   **Not at this time. However, the parties anticipate being able to reach agreements and stipulations on facts and elements before trial.**

6. Are there any issues about preservation of discoverable information?

   **No.**

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

   **There are no issues. The parties have not yet addressed the form of production of electronically-stored information.**

8. What are the subjects on which discovery may be needed?

   **LCMS anticipates seeking discovery regarding the actions taken to amend the bylaws and articles of incorporation of CTX. CTX anticipates seeking discovery regarding the alleged contract, promissory estoppel, fiduciary duty, and other rights and harms alleged by LCMS.**

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

   **Initial disclosures have not been made. The parties have agreed to exchange them on or before June 7, 2024. No changes need to be made in the timing, form or requirement.**

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

   **No discovery has been completed. Remaining discovery includes initial disclosures, requests for admissions, requests for production, and depositions of the parties. Discovery can be completed by April 1, 2025.**

11. What, if any, discovery disputes exist?

   **None at this time.**

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

   **Yes. The parties intend to submit a proposed order.**

13. Have the parties discussed early mediation?

   **Yes. The parties have already conducted mediation.**

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

   **The parties have considered seeking entry of a confidentiality and protective order, but do not anticipate seeking such an order at this time. There are no other items requiring the court's attention.**


| _/s/ Steven C. Levatino_ | May 31, 2024 |
|---|---|
| Counsel for Plaintiff | Date |


| _/s/ Clark Richards (w/ permission)_ | May 31, 2024 |
|---|---|
| Counsel for Defendant | Date |