IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE LUTHERAN CHURCH—MISSOURI SYNOD, a Missouri nonprofit corporation, <br> Plaintiff, <br><br> v. <br><br> DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1–12 <br> Defendants. | § § § § § § § § § § § § | Case No. 1:23-cv-1042-RP <br><br> [consolidated with 1:24-cv-00176-RP] |

**MOTION FOR LEAVE TO FILE SUR-REPLY**

The Lutheran Church—Missouri Synod, a Missouri nonprofit corporation ("LCMS"), submits the following Unopposed Motion for Leave to File Sur-Reply, to address new arguments presented for the first time in Defendants' Reply Brief (Doc. 26) in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to Join Indispensable Parties (Doc. 13).

1. LCMS recognizes that sur-replies are disfavored, but whether to allow a sur-reply lies within the district court's discretion. *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021). Further, when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence. *Ga. Firefighters' Pension Fund v. Anadarko Petro. Corp.*, 2024 U.S. App. LEXIS 10092, ___ F. 4th ___ (5th Cir., April 25, 2024). Indeed, a district court abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the non-movant an adequate opportunity to respond prior to a ruling. *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020).

2.      In this instance, Defendants have on the one hand asserted that the Court should be guided by the plain meaning of Synod's governing documents, such as its Constitution and bylaws. Reply at ¶¶ 5-6 (Doc. 26). Yet at the same time, Defendants entirely misquote Synod documents in an attempt to mislead the Court. For example, Defendants contend, "First, Synod's governing documents explicitly state that 'Synod in convention is empowered to … purchase, hold administer, and sell property of every description in the interest of the Synod.'" Reply at ¶ 18.  In fact, the Synod Constitution states, "Synod in convention is empowered to *and has formed corporate entities which shall have legal powers* to purchase, hold, administer, and sell property of every description in the interest of the Synod." *See* Constitution (First Amended Complaint at Ex. **) (emphasis added). In other words, Defendants want the Court to believe that the Synod Constitution says almost the exact opposite of what it actually says, by replacing "and had formed corporate entities which shall have legal power" with "…". It is difficult to imagine anything more misleading to a court.[1]

3.      LCMS requests the Court grant it leave to file a sur-reply pointing out areas of the Reply that could mislead the Court.   The body of the Sur-Reply (absent signature and certificate) will be no more than 5 pages.

4.      Counsel for LCMS has consulted with counsel for CTX regarding the filing of this Motion, and CTX opposes its filing.

**Conclusion**

WHEREFORE PREMISES CONSIDERED, LCMS requests that the Court grant LCMS leave to file the proposed Sur-Reply submitted with this Motion as Exhibit 1.  LCMS further requests such other relief, both legal and equitable, to which it may be justly entitled.

---

[1] Moreover, this is not CTX's first attempt to pull wool over the Court's eyes with this trick.  *See* LCMS Response to Motion to Dismiss (Doc. 23) at 4.

Respectfully submitted,

By:   */s/ Steven Levatino*
    Steven C. Levatino
    State Bar No. 12245250
    **Levatino|Pace PLLC**
    1101 S. Capital of Texas Hwy.
    Bldg. K, Suite 125
    Austin, Texas 78746
    T: 512-637-1581
    F: 512-637-1583
    steven@lpfirm.com

By:   */s/ Andrew MacRae*
    Andrew F. MacRae
    State Bar No. 00784510
    MacRae Law Firm PLLC
    3267 Bee Cave Road
    Suite 107, PMB 276
    Austin, Texas 78746
    T: 512-565-7798
    andrew@macraelaw.co

By:   */s/ Gregg Kronenberger*
    Gregg R. Kronenberger
    State Bar No. 24039998
    Kronenberger Law Firm, PLLC
    1101 S. Capital of Texas Hwy.
    Bldg. K, Suite 125
    Austin, Texas 78746
    T: 512-777-4141
    F: 512-402-3313
    M: 512-923-3158
    gregg@gkronenberger.com

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Motion has been filed through the CM/ECF system on May 31, 2024. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Daniel R. Richards
Clark Richards
Albert A. Carrion, Jr.
Richards Rodriguez & Skeith, LLP
611 West 15th Street
Austin, Texas 78701
***Attorneys for Defendants***

                                                  */s/ Steven C. Levatino*
                                                  STEVEN C. LEVATINO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE LUTHERAN CHURCH—MISSOURI SYNOD, a Missouri nonprofit corporation, <br> Plaintiff, <br><br> v. <br><br> DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1–12 <br> Defendants. | § § § § § § § § § § § § | Case No. 1:23-cv-1042-RP <br><br> [consolidated with 1:24-cv-00176-RP] |

**SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS
AND MOTION TO REMAND**

The Lutheran Church—Missouri Synod, a Missouri nonprofit corporation ("LCMS, Inc."), submits the following Sur-Reply in opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to Join Indispensable Parties ("Motion," Doc. 13), and in response to Defendants' Reply in Support of Motions to Dismiss and Remand ("Reply," Doc. 26).

1. This Sur-Reply is necessary because CTX has mis-characterized the Synod's[1] Constitution and bylaws at issue in this case. This case concerns the issue of whether LCMS, Inc., the non-profit corporation created by Synod 100 years ago, is the proper party to bring this lawsuit against Defendants, or whether Synod, which is not a civil law entity but instead a church body with ecclesiastical rights should replace LCMS, Inc. An accurate reading of Synod's governing documents and 100 years of operations clearly establishes LCMS, Inc. as the proper party.

2. Defendants contend the Court should give effect to the plain meaning of Synod's Constitution and Bylaws. Reply at ¶¶ 5-6 (Doc. 26). Yet at the same time, Defendants entirely

---

[1] The Synod is the ecclesiastical church body more commonly known as The Lutheran Church—Missouri Synod.

1

**Exhibit 1**

misquote Synod documents, misleading the Court. For example, Defendants contend, "First, Synod's governing documents explicitly state that 'Synod in convention is empowered to … purchase, hold administer, and sell property of every description in the interest of the Synod.'" Reply at ¶ 18. However, significant language is left out of this selective quote. In fact, the Synod Constitution states, "Synod in convention is empowered to *and has formed corporate entities which shall have legal powers* to purchase, hold, administer, and sell property of every description in the interest of the Synod." *See* Constitution (First Amended Complaint at Ex. A, p. 2, Art. IV) (emphasis added). In other words, Defendants want the Court to believe that the Synod Constitution says almost the exact opposite of what it actually says, by replacing "and has formed corporate entities which shall have legal powers to," with "…". It is difficult to imagine anything more misleading to a court and confirms why the declaration of John Sias was attached to the LCMS Inc., Response, in order to present a coherent understanding of the Synod/LCMS Constitution and bylaws,[2] and avoid selective and inaccurate "quoting" of those documents by the Defendants.

   3. This is not the only misquote in the Reply. On page 2 of the Reply, CTX incorrectly claims that Plaintiff's First Amended Complaint asserts, "Synod is entitled to a) a reversionary interest in CTX campus…c) damages for alleged breach of fiduciary duty by Christian and Bannwolf; and d) declaratory relief against CTX, Christian and Bannwolf."[3] However, the First Amended Complaint makes clear it is LCMS, Inc., and not Synod that seeks such entitlement,

---

[2] This is not the first time Defendants have attempted this exact mislead-by-omission strategy. In Paragraph 10 of their Motion to Dismiss, Defendants make the identical omission. (Doc. 13). Now Defendants persist even after their glaring omission was exposed. *See* Response at Ex. 2, Constitution of The Lutheran Church—Missouri Synod (emphasis added); Constitution (First Amended Complaint at Ex. A, p. 22, 1.2.1 (f)).

[3] CTX also claims that the "Synod is entitled to…b) control over appointments to the CTX board and presidency" which is a right that Synod has pursuant to the First Amendment to the United States Constitution, related to the free exercise of religion in the governance of the Synod, which is undoubtedly a religious body.

damages, and declaratory relief. *See* First Amended Complaint at ¶¶ 25, 52, 60, 62; and Article V, pp. 22-33 (as to causes of action and damages).  Further, Bylaw Article 3, §3.10.6.4[4] is cited by CTX to support the assertion that ownership of CTX property "'is vested' in Synod and controlled by Synod's Board of Directors, not LCMS."  *See* Reply at ¶18.  That is not what this bylaw states. Instead, Bylaw 3.10.6.4 generally concerns the CTX board of regents' responsibilities. *See* Bylaws (First Amended Complaint at Ex. B, Article 3, §3.10.6.4).  Further, Bylaw 3.10.6.4(i) concerns handling of property "*through the Synod's Board of Directors, as custodian of Synod's property, the board of directors of Concordia University System, and the respective board of regents as the local governing body.*" *Id*.

4. Also omitted is that matters relating to property are exercised through "corporate entities which shall have legal powers to purchase, hold, administer, and sell property of every description in the interest of the Synod." *See* Constitution (First Amended Complaint at Ex. A, Article IV, §1).[5]  CTX also consistently omits that Synod's Board of Directors is the same as LCMS Inc.'s Board of Directors under Synod's Constitution (*see* First Amended Complaint, Ex. A, Article XI E(2)) and Synod's Bylaws expressly recognize that it is LCMS, Inc., not Synod, that is "subject to civil authority." *See* Bylaw (First Amended Complaint at Ex. B, §1.2.1(f).  As such, Synod, not being a civil law entity, does not itself exercise ownership interests.  Instead, it is its corporate entities, such as LCMS, Inc., which is the incorporation of Synod for civil law purposes and is exercising those rights in this lawsuit.

---

[4] Bylaw § 3.10.6.4 deals with Concordia University System Boards of Regents responsibilities and falls under Article 3 titled "National Organization and Responsibilities."  *See* Bylaws (First Amended Complaint, Ex. B, p. 98, Article 3).

[5] The Constitutional language indicating that ownership is legally accomplished through corporations, such as LCMS, Inc., colors the Bylaw language that the Board (of Synod and of LCMS Inc.) is custodian of such property. LCMS, Inc., directed by its Board of Directors, is the civil law presence of national Synod.

5. In the same paragraph 18 of the Reply, Defendants still improperly characterize LCMS, Inc., as only a representative of Synod. That is not the case. LCMS, Inc., is the corporate presence that is "subject to civil authority" (Bylaw 1.2.1(f)), has legal responsibility over "Property of the Synod" (Bylaw 1.2.1(r), and has all the "power … [over] property of every kind and description, …." *See* Articles of Incorporation (First Amended Complaint at Ex. C, Art. VI).

6. Put another way, Defendants misquoted the Synod Constitution and bylaws in their Motion to Dismiss; LCMS, Inc., noticed the attempt to mislead and called Defendants out on it in its Response; and Defendants responded by making the identical misrepresentations to the Court in their Reply, requiring LCMS, Inc., to submit this Sur-Reply.

7. Moreover, if the Court is to be guided by the parties' governing documents, as Defendants assert, then Defendants should not be permitted to pick, choose and misrepresent which parts of those documents control and which don't. LCMS, Inc. agrees with the statement that Defendants pay lip service to—that this case should rest on the documents governing the relationship between the parties. But the case really should rest on the documents themselves, and not the Defendants' consistent misquoting of the documents to mislead the Court. For instance, the Synod's governing documents state that the Synod is not a civil law entity. *See* Bylaws (First Amended Complaint, Ex. B, p. 23, §1.2.1 (v). Based on the Defendants' contention that the Court should follow the "plain meaning" of the governing documents, the Court should thus find that the Synod is not a civil law entity and can neither sue or be sued, which would result in the Court denying the Motion to Dismiss and the Motion to Remand.

8. The reality of the current situation is that an ecclesiastical church body, the Synod, voluntarily incorporated LCMS, Inc. (along with other corporations), specifically to be the Synod's civil law presence in society. Synod has operated in this manner for more than 100 years, with

LCMS, Inc., and other Synod corporations buying and selling real estate, owning assets and suing and being sued.  Now, Defendants have raised a new and novel theory and seek to reorganize the LCMS, Inc./Synod governance by having the Court—through judicial fiat—rule that LCMS, Inc., is not Synod's corporate form, and Synod is in actuality a duality that exists in both a corporate and an unincorporated association form, subject to the courts of any state where it has a Synod member.  Were the court to agree, overriding Synod's longstanding and legitimate corporate form—especially in a matter between LCMS, Inc., and one of the Synod's other corporations and involving Synod's ecclesiastical governance—it would interfere with Synod's right to determine, "free from state interference, matters of church government as well as those of faith and doctrine." *See Our Lady of Guadalupe School v. Morrissey-Berru*, 591 U. S. 2049, 2055, 140 S. Ct. 2049, 207 L. Ed. 2d 870, 886  (citing *Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America*, 344 U. S. 94, 116, 73 S. Ct. 143, 97 L. Ed. 120 (1952)).

9. As to another matter that requires a response, LCMS, Inc., disagrees with CTX's assertion on page 14, ¶ 26 of CTX's Reply that the Synod is exercising its rights in Texas and is therefore subject to Texas personal jurisdiction.  Rather, it is LCMS, Inc., as the corporate existence of Synod, that is enforcing the governance rights of the Synod's Constitution and bylaws in Texas.

**Conclusion**

WHEREFORE PREMISES CONSIDERED, LCMS, Inc., requests that the Court deny the Defendants' Motion to Dismiss and Motion to Remand.  LCMS, Inc., further requests such other relief, both legal and equitable, to which it may be justly entitled.

Respectfully submitted,

By:    */s/ Steven Levatino*
    Steven C. Levatino
    State Bar No. 12245250
    **Levatino|Pace PLLC**
    1101 S. Capital of Texas Hwy.
    Bldg. K, Suite 125
    Austin, Texas 78746
    T: 512-637-1581
    F: 512-637-1583
    steven@lpfirm.com


By:    */s/ Andrew MacRae*
    Andrew F. MacRae
    State Bar No. 00784510
    MacRae Law Firm PLLC
    3267 Bee Cave Road
    Suite 107, PMB 276
    Austin, Texas 78746
    T: 512-565-7798
    andrew@macraelaw.co


By:    */s/ Gregg Kronenberger*
    Gregg R. Kronenberger
    State Bar No. 24039998
    Kronenberger Law Firm, PLLC
    1101 S. Capital of Texas Hwy.
    Bldg. K, Suite 125
    Austin, Texas 78746
    T: 512-777-4141
    F: 512-402-3313
    M: 512-923-3158
    gregg@gkronenberger.com

    ***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Sur-Reply has been filed through the CM/ECF system on May 31, 2024. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Daniel R. Richards
Clark Richards
Albert A. Carrion, Jr.
Richards Rodriguez & Skeith, LLP
611 West 15th Street
Austin, Texas 78701
***Attorneys for Defendants***

                                             */s/ Steven C. Levatino*
                                             STEVEN C. LEVATINO