IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE LUTHERAN CHURCH - MISSOURI SYNOD, a Missouri nonprofit corporation, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC. & JOHN DOES 1 – 12 | § § § § § § | Cause No. 1:23-cv-1042-DE [Consolidated with 1:24-cv-00176-DE] |
| Defendants | § § | |

## NON-PARTIES ALAN TAYLOR NATHANIEL HILL AND THOMAS ZACHMAN'S MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER[1] AND NOTICE OF NON-APPERANCES

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW, Alan Taylor, Nathaniel Hill, and Thomas Zachman, Non-Parties herein, and file this Motion to Quash, Motion for Protective Order, and Notice of Non-Appearances as follows:

1.  On or about August 26, 2024, Non-Party Alan Taylor was served with a Subpoena to Appear and Testify with a subpoena duces tecum containing 58 different requests. The Subpoena is attached as Exhibit 1. On or about August 31, 2024, Non-Party Nathaniel Hill was served with the same Subpoena to Appear and Testify with a subpoena duces tecum requesting the same 58 categories of documents, which is attached as Exhibit 2. These two non-parties were to appear for deposition on September 12, 2024.

---

[1] Undersigned counsel attempted to confer with Plaintiff's counsel (subpoenaing counsel) prior to the filing of this Motion, but has not received a response as of the filing of this Motion. However, it is presumed "opposed" given Plaintiff's opposition to Defendant Concordia University Texas, Inc.'s Motion for Protective Order.

2. However, on or about September 3, 2024, Plaintiff's counsel requested that the date of the depositions be changed. After coordinating with the undersigned and the non-parties, amended subpoenas to appear for deposition and produce documents would be provided.

3. On September 9, 2024, the undersigned counsel accepted service of Amended subpoenas for Non-Parties Alan Taylor, Nathaniel Hill, and Thomas Zachman, noticing their depositions for September 17 (Zachman) and September 25 (Taylor and Hill) with the same 58 requested categories of documents. The Amended subpoenas are attached hereto as Exhibits 3, 4, and 5, respectively. Production of documents in Exhibit A continue to be required in less than 30 days.

4. All three non-parties, Movants herein, are former Regents of Defendant CTX. Given this former capacity of service, the Movants received correspondence from Defendant CTX asserting objections to the production of responsive materials to the subpoenas based upon various reasons to include: attorney-client privilege, work-product privilege, First Amendment protections, among other objections, which are briefed in Doc. 37-1, 2024-09-12, Defendant Concordia University Texas, Inc.'s Motion for Protective Order. Additionally, Defendant CTX's Motion for Protective Order (Doc. 37) seeks protection from this Court not only as to the requested category of documents, but also as to any discovery or inquiry into such documentation or discussions.

5. CTX's Motion for Protective Order seeks protection from any discovery, disclosure or inquiry of the categories of documents requested to be produced and topics to be examined during the Non-Parties' upcoming depositions. This poses a significant issue for the Non-Party Movants as it will result in undue burden and expense in contravention of Federal Rule of Civil Procedure 45(d)(3). As such, Non-Parties seek protection from this Court from the upcoming

depositions currently set on September 17 and September 25, 2024 and production of the documents sought in Exhibit A therein, until such time as (a) the parties reach an agreement as to these discovery matters; or (b) the Court provides a ruling as to what is discoverable.

6. The Non-Parties are willing to cooperate and appear for deposition and produce the documents in conformity with *any* ruling by this Court or as agreed to by the parties. However, the current state of what appears to be a fundamental discovery issue in this case is subjecting the Non-Party Movants to significant burden as they are caught in the middle.

7. It is unduly burdensome and outside the Non-Parties' scope to make the decision as to what is privileged or discoverable in this case particularly in light of the correspondence received from Plaintiff's counsel and Defendant's counsel regarding their respective legal positions on the discoverability of these matters. Furthermore, it is burdensome for the Non-Parties to appear at these upcoming depositions (even if production of documents is temporarily stayed), because there are anticipated assertions of privilege by Defendant's counsel, which is not a privilege for the Non-Parties to waive. There appears to be a legal dispute between Plaintiff and Defendant as to the extent or validity of the privilege. The practical effect being, if the Non-Parties do not answer the objected to questions during the upcoming depositions, a subsequent deposition may be requested by the subpoenaing party depending on the ruling by this Court. This will be unnecessarily burdensome on Non-Parties, some of which do not reside in Austin, Texas where the depositions are taking place.

8. To avoid postponing the depositions, the Non-Parties in good faith urged the Parties to come to an agreement regarding the scope of the requested depositions and/or discovery sought from them throughout the week of September 9, 2024 in anticipation of Mr. Zachman's upcoming deposition on September 17, 2024. Plaintiff noted a joinder of additional parties deadline that it

was trying to comply with, and CTX offered to extend such deadline to allow time for this discovery dispute to be resolved and avoid any prejudice on Plaintiff. In an effort to facilitate this agreement, the Non-Parties provided additional dates for their depositions of October 21, October 22, and the week of November 4, 2024. However, as of the filing of this Motion, it is the Non-Parties' understanding that no agreement has been reached by the Parties.

9. Unfortunately, given the upcoming depositions, the Non-Parties could not delay the filing of this Motion any further of seeking protection from the Court as they do not want to subject others that may have planned to appear for the upcoming depositions any burden or unnecessary expense, and give their notice of non-appearance and move the Court to quash the upcoming depositions. The lack of agreement or subpoenaing counsel voluntarily vacating such depositions until a Court ruling or agreement was reached, made it necessary for Movants to file this Motion. Non-Parties have been unduly burdened by being caught in the middle of a discovery dispute and being forced to determine what is privileged or discoverable information which is beyond their scope is also becoming increasingly oppressive. The Non-Parties do not want to unknowingly disclose privileged information or information that is not discoverable. Therefore, the Non-Parties move for their upcoming depositions to be quashed, and depositions and production of documents modified for compliance of same until the parties reach an agreement or this Court rule on the Parties' discovery dispute. At such time, the Non-Parties agree to provide first available dates to be deposed, and recommend that they be required to produce responsive documents in their possession to CTX counsel to avoid inadvertent disclosure of privileged materials and not run afoul of any Court order regarding the Parties' discovery dispute.

10. This Motion is not made for purposes of delay nor do the Non-Parties wish to prejudice any Party in this case, but so justice may be done, and Non-Parties are not subjected to

continued undue burden. The Non-Party Movants will continue to make themselves available to be deposed and produce documents in conformity with any agreement reached by the Parties' or Court Order regarding same.

**WHEREFORE, PREMISES CONSDIERED,** Non-Party Movants Alan Taylor, Nathaniel Hill, and Thomas Zachman, respectfully pray that this Court quash the upcoming depositions and move for protection as to the discovery of the requested documents and oral deposition of same until such time as a Court ruling is made on the Parties' discovery dispute or the Parties reach an agreement regarding same, and to such other further relief as the Non-Parties may be entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS, SAFI,**
**PAXSON,& GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79999-1977
(915) 532-2000
Fax:  (915) 541-1597

By: _/s/ Monica L. Perez_
**Monica L. Perez**
State Bar No. 24083662
perez@mgmsg.com

Attorneys for Non-Party Movants Alan Taylor, Nathaniel Hill, and Tom Zachman

# CERTIFICATE OF SERVICE

I hereby certify on the 15th day of September, 2024, a true and correct copy of the foregoing was filed electronically, which will send notification to all counsel of record.

_/s/ Monica L. Perez_
**Monica L. Perez**