AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| The Lutheran Church--Missouri Synod | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:23-cv-1042 |
| Donald Christian, et al | ) | |
| *Defendant* | ) | |

## AMENDED SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Nathaniel Hill

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Wright Watson & Associates, 1250 S. Capital of Texas Hwy, Building 3, Suite 400, Austin, Texas 78746 | Courtroom No.: |
| --- | --- |
| | Date and Time: 09/25/2024 1:00 pm |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Documents responsive to the categories listed on the attached Exhibit A.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/04/2024

CLERK OF COURT

OR

_____     /s/ Steven C. Levatino
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* LCMS , who issues or requests this subpoena, are:

Steven C. Levatino, Levatino|Pace PLLC, 1101 S. Capital of Texas Hwy, K-125, Austin, Texas 78746; steven@lpfirm.com; 512/637-1581

Case 1:23-cv-01042-DAE   Document 39-4   Filed 09/16/24   Page 2 of 8
Exhibit 4 to CTX Motion for Protective Order
Page 2 of 8

AO 88 (Rev.06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:23-cv-1042

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

Case 1:23-cv-01042-DAE   Document 39-4   Filed 09/16/24   Page 3 of 8
Exhibit 4 to CTX Motion for Protective Order
Page 3 of 8
AO 88 (Rev. 06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit A**

1. Your notes from all CTX Board of Regents meetings from January 2000 to date.

2. Your communications to any other member of the CTX Board of Regents from January 2000 to date.

3. Your communications with any person concerning the CTX Amendments (as that term is defined in LCMS's most recently amended Complaint), before the CTX Amendments were passed.

4. Your communications with any person concerning the CTX Amendments (as that term is defined in LCMS's most recently amended Complaint), after the CTX Amendments were passed.

5. The documents concerning the intent of the CTX Amendments.

6. The documents concerning any oath of office you took either as a member of the CTX Board of Regents, or as Chair of the Board of Regents.

7. Copies of Minority Reports from 2020 to the present.

8. Your communications with Kristi Kirk concerning the CTX Amendments.

9. Your communications with Donald Christian concerning the CTX Amendments.

10. Your communications with Christopher Bannwolf concerning the CTX Amendments.

11. Any preliminary drafts of the CTX Amendments.

12. Your communications with CTX Board of Regents members concerning the seating of board members following the passage of the CTX Amendments.

13. Your communications with Defendant Christian concerning the seating of board members following the passage of CTX Amendments.

14. Your communications with Defendant Bannwolf concerning the seating of board members following the passage of CTX Amendments.

15. Your communications with Kristi Kirk concerning the seating of board members following the passage of CTX Amendments.

16. Your communications with CTX donors concerning the CTX Amendments.

17. Any communications with any individual (other than your attorneys) advising CTX regarding CTX Amendments.

18. Your communications with Defendant Christian concerning Defendant Christian's email, dated November 9, 2022 (CTX 000247).

19. Any recordings of CTX Board of Regents meetings from January 2000 to date.

20. Any documents presented to the CTX Board of Regents at its November 8, 2022, meeting.

21. Any video presentations shown to CTX Board of Regents at its November 8, 2022, meeting.

22. Any computer-generated presentations shown to the CTX Board of Regents at its November 8, 2022, meeting.

23. Any documents presented to the CTX Board of Regents at its April 4, 2023, meeting.

24. Any video presentations shown to the CTX Board of Regents at its April 4, 2023, meeting.

25. Any computer-generated presentations shown to the CTX Board of Regents at its April 4, 2023, meeting.

26. Any communications between officers or agents of CTX and The LCMS regarding CTX amendments to its governing documents or policies occurring between 2021 to the present (these amendments are collectively referred to as "CTX Amendments").

27. The communications between members of CTX Board of Regents relating to CTX Amendments, including communications leading up to the passing of CTX Amendments and the April 4, 2023, Board of Regents meeting reaffirming the passing of CTX Amendments.

28. The communications between any member of CTX Board of Regents and Defendant Christian relating to CTX Amendments, including communications leading up to the passing of CTX Amendments and the April 4, 2023, Board of Regents meeting reaffirming the passing of CTX Amendments.

29. The communications between any member of CTX Board of Regents and Kristi Kirk relating to CTX Amendments, including communications leading up to the passing of CTX Amendments and the April 4, 2023, Board of Regents meeting reaffirming the passing of CTX Amendments.

30. The communications between any member of CTX Board of Regents and Defendant Bannwolf relating to CTX Amendments, including communications regarding the

passing of CTX Amendments and the April 4, 2023, Board of Regents meeting reaffirming the passing of CTX Amendments.

31. Any preliminary drafts of The CTX Amendments.

32. The communications between members of the CTX Board of Regents relating to the effect of CTX Amendments.

33. The communications between any member of the CTX Board of Regents and anyone other than another board member, Defendant Christian, Defendant Bannwolf or Kristi Kirk relating to the effect of CTX Amendments.

34. The documents reflecting real property owned by CTX, or in which CTX has an ownership interest, even if that interest is subject to a lien or any other encumbrance.

35. The documents reflecting any attempt to sell or otherwise market real property owned by CTX, or in which CTX has an ownership interest, even if that interest is subject to a lien or any other encumbrance.

36. The communications between CTX Board of Regents members regarding the seating of board members following the passage of CTX Amendments.

37. The communications between any CTX Board of Regents member and Defendant Christian regarding the seating of board members following the passage of CTX Amendments.

38. The communications between any CTX Board of Regents member and Kristi Kirk regarding the seating of board members following the passage of CTX Amendments.

39. The communications between any CTX Board of Regents member and Defendant Bannwolf regarding the seating of board members following the passage of CTX Amendments.

40. Any communications with individual donors regarding CTX's actions in passing CTX Amendments.

41. The documents relating to CTX's refusal to seat regents elected at the 2023 Synod Convention.

42. Any documents relating to resolutions adopted at the 2023 Synod Convention including all documents relating to Defendant Christian's, Defendant Bannwolf's or CTX's reactions or responses to these resolutions.

43. Any documents reflecting how each individual member of the CTX Board of Regents voted relating to each of the key resolutions presented in meetings on November 8, 2022, and April 4, 2023, as well as any documents reflecting the views of such members relating to CTX's changes to its governing documents and policies.

3

44. Any document reflecting how you voted relating to each of the key resolutions presented in meetings on November 8, 2022, and April 4, 2023.

45. Any documents regarding communications with individual members of the Texas District Board of Directors or with any congregation of the Texas District regarding CTX Amendments.

46. A copy of each draft of the Lutheran Identity statement.

47. Any document reflecting communication between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk regarding the 7-03 task force which ultimately was adopted by Synod at Convention in 2023 and known to be as 7-04B – *To Revise Bylaws to Revisit and Renew Relationship of Colleges and Universities with the Synod.*

48. Communication between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk leading up to and after the adoption of 7-03 at the 2023 Synod Convention – *To Call Concordia University Texas Leadership to Repentance*.

49. Communication between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk leading up to and after the adoption of 7-05A at the 2023 Synod Convention -*To Bring Accountability to Concordia Boards of Regents and to Improve Doctrinal Fidelity and Amenability to Ecclesiastical Supervision.*

50. Communication between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk regarding the topic of an "affiliate" or "agency" model relationship with the Synod.

51. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk related to appointing or electing regents that were not in accordance with the Synod bylaws.

52. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk related to Don Christian's succession plans.

53. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk relating to the presidential search process.

54. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk relating to the qualifications of a CTX president.

55. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk relating to the CTX withdrawal from the CRP and CDSP.

56. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk relating to the impact of the current lawsuit on enrollment and finances.

57. Communication or documents between any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk relating to Don Christian's salary between 2019 – 2024.

58. Communication or documents between Officers or agents of CTX, any CTX Board of Regents member, Donald Christian, Christopher Bannwolf, and/or Kristi Kirk related to the debt with Frost Bank.