Case 1:23-cv-01042-DAE   Document 39-7   Filed 09/16/24   Page 1 of 2
Exhibit 7 to CTX Motion for Protective Order
Page 1 of 2

# Levatino | Pace PLLC

1101 S. Capital of Texas Hwy.
Building K, Ste. 125
Austin, Texas 78746
t: 512.637.1581
f: 512.637.1583

Writer's Email: steven@lpfirm.com

September 9, 2024

Mr. Daniel R. Richards  *Via e-mail:* drichards@rrsfirm.com
Richards Rodriguez & Skeith, LLP
611 W. 15th St.
Austin, Texas 78701

RE: Cause No. 1:23-CV-1042; *The Lutheran Church—Missouri Synod v. Donald Christian, et al.*, In the United States District Court for the Western District of Texas, Austin Division (the "Lawsuit")

Dear Dan:

Thank you for your letter dated September 3, 2024, regarding The Lutheran Church—Missouri Synod's (LCMS) recent subpoena of documents from Alan Taylor, Nathaniel Hill, Tom Zachman and Concordia University Texas' (CTX) objections to such discovery.

To begin, the subpoenas at issue are addressed to former regents, and in our view, CTX does not have standing to object to or prevent LCMS's discovery attempts from those former regents. As such, LCMS does not agree to withdraw the pending requests for documents from Alan Taylor, Nathaniel Hill, and Tom Zachman, and intends to go forward with those depositions.

Further, First Amendment protection of discovery of documents does not extend to a church body attempting to enforce its governance authority. In this case, the LCMS, as the corporate entity of the Synod, is seeking through this lawsuit to protect its governance rights established by the Synod Constitution and Bylaws. The documents requested are in furtherance of the Synod's governance rights over CTX and CTX's illegal acts in changing its governing documents without the Synod's consent. To extend First Amendment protection to thwart a church body from seeking such records would run roughshod over the Synod's ability to govern and it would be improper for the court to prevent it in furtherance of that right.

Finally, the requested documents deal with CTX's attempts through secular means to separate itself from Synod governance. The documents related to such a secular decision do not have First Amendment protection in that the discussion of and underlying facts related to such an act of executing the secular documents (*i.e.,* the amendments to the CTX charter, bylaws, and policy manual) have nothing to do with religious freedom or freedom of association. To the contrary, CTX is seeking to use the civil law as a sword against the Synod in its free exercise of religion and freedom of association in the governance of its church agencies pursuant to its Constitution and Bylaws. CTX cannot now claim it is not subject to civil law discovery based on freedom of

1 | Page

Case 1:23-cv-01042-DAE    Document 39-7    Filed 09/16/24    Page 2 of 2
Exhibit 7 to CTX Motion for Protective Order
Page 2 of 2

religion grounds. Further, it is ironic that CTX claims on one hand that its actions in illegally changing its governing documents in direct violation of Synod Constitution and Bylaws are outside the purview of the Synod to contest since CTX's actions are civil in nature only, but on the other hand claiming any attempted discovery related to such an alleged civil act is beyond discovery due to religious freedom and freedom of association. The Synod is within its rights to seek documents from its agency that has taken action contrary to the governance of the Synod.

In regard to the scope of the discovery requests, LCMS is not seeking any documents subject to attorney-client or work product privileges unless those privileges have been waived. If the former regents produce documents that CTX claims should be protected under the Court's Confidentiality and Protective Order, we are happy to review those documents with you.

If you would like to discuss this matter further, I am available at a mutually agreeable time.

Sincerely,

Levatino|Pace PLLC

By: _____
    Steven C. Levatino

Enclosure

cc:    Andrew MacRae
       Clark Richards
       Albert Carrion

4881-8855-2162, v. 3