<span style="color:red">**EXHIBIT 1**</span>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| THE LUTHERAN CHURCH – MISSOURI SYNOD, a Missouri nonprofit corporation<br>　*Plaintiff*,<br><br>v.<br><br>DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1-12<br>　*Defendants* | §§§§§§§§§§§§§<br><br>Case No. 1:23-cv-1042-RP |

## DEFENDANT CONCORDIA UNIVERSITY TEXAS, INC.'S ANSWERS TO INTERROGATORIES

Concordia University Texas ("CTX"), a Defendant in the above-captioned cause, serves its answers to Plaintiff's Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　*/s/ Daniel R. Richards*
　　　　　　　　　　　　　　　　**Daniel R. Richards**
　　　　　　　　　　　　　　　　State Bar No. 00791520
　　　　　　　　　　　　　　　　drichards@rrsfirm.com
　　　　　　　　　　　　　　　　**Clark Richards**
　　　　　　　　　　　　　　　　State Bar No. 90001613
　　　　　　　　　　　　　　　　crichards@rrsfirm.com
　　　　　　　　　　　　　　　　**Albert A. Carrion, Jr.**
　　　　　　　　　　　　　　　　State Bar No. 03883100
　　　　　　　　　　　　　　　　acarrion@rrsfirm.com
　　　　　　　　　　　　　　　　**RICHARDS RODRIGUEZ & SKEITH, LLP**
　　　　　　　　　　　　　　　　611 West 15th Street
　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　Telephone: (512) 476-0005

　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS CONCORDIA UNIVERSITY TEXAS, INC., DONALD CHRISTIAN AND CHRISTOPHER BANNWOLF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of August 2024, a true and correct copy of the above and foregoing document was served via electronic service to:

| | |
|---|---|
| Steven C. Levatino<br>Levatino & Pace PLLC<br>1101 S. Capital of Texas Hwy.<br>Bldg. K, Suite 125<br>Austin, Texas 78746<br>steven@lpfirm.com | Andrew F. MacRae<br>MacRae Law Firm PLLC<br>3267 Bee Cave Road<br>Suite 107, PMB 276<br>Austin, Texas 78746<br>andrew@macraelaw.com |

Gregg R. Kronenberger
Kronenberger Law Firm, PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
gregg@gkronenberger.com

                                      */s/ Daniel R. Richards*
                                      **DANIEL R. RICHARDS**

**CTX'S ANSWERS TO INTERROGATORIES**

1.      Please identify the members of the CTX Board of Regents who voted to approve the May 2, 2022, Amendment to the CTX Charter/Certificate of Formation.

**ANSWER**:     **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

2.      Please identify the members of the CTX Board of Regents who voted for CTX to apply for its own 501(c)(3) tax exempt status.

**ANSWER**:     **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

3.      Please identify the members of the CTX Board of Regents who voted at the November 8, 2022, special meeting, to approve the "Charter Amendment" attached to the First Amended Complaint as Exhibit L.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

4.      Please identify the members of the CTX Board of Regents who voted to approve the Amended and Restated Bylaws of Concordia University Texas, Inc., identified as the "Bylaw Amendment" and attached to the First Amended Complaint as Exhibit M.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The**

complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.

5.      Please identify the members of the CTX Board of Regents who voted at the November 8, 2022, special meeting, against the Amended and Restated Bylaws of Concordia University Texas, Inc., identified as the "Bylaw Amendment" and attached to the First Amended Complaint as Exhibit M.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

6.      Please identify the members of the CTX Board of Regents who voted at the November 8, 2022, special meeting, to approve a new board policy manual, identified as "Policy Manual Amendment" attached to the First Amended Complaint as Exhibit N.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

7.      Please identify the members of the CTX Board of Regents who voted at the November 8, 2022, special meeting, against a new board policy manual, identified as "Policy Manual Amendment" attached to the First Amended Complaint as Exhibit N.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

8.      Please list the "many reasons" that led the CTX Board of Regents to take action to remove from its governing documents any language by which it would be subject to The LCMS Handbook and Bylaws as referenced in Dr. Don Christian's email, dated November 9, 2022 (CTX 000247).

**ANSWER**: **Many of these are set forth in the February 15, 2022 memo from the CTX BOR to the LCMS BOD (CTX_000155-000157), and the July 19, 2022 document entitled "Reimagining the Relationship: A proposal from Concordia University Texas to separate from LCMS governance" (the "Proposal") (CTX_000176-000188). Dissatisfaction with the "affiliate" model proposed by the 7-03 Committee and approved by the LCMS Board of Directors on February 19, 2021, as well as the committee's rejection (largely) of the schools' and presidents' input. Recent encounters with Synod that put the institution at risk such as confusion over CTX 501(c)(3) status arising from its subordinate status with LCMS in 2019-2020, delay in approval of CTX bank loan in 2020, and the April 2022 visitation by LCMS and follow up report. Synodical Bylaws that permit:**

   a.   **schools to be consolidated, relocated, separated, or divested without the approval of the school's Board of Regents;**
   b.   **a presidential selection process that effectively removes the Board of Regents' authority in naming the president;**
   c.   **a regent selection process by which the church increasingly controlled the nomination and selection process; and**
   d.   **Synodical Bylaws that can be changed every three years without local Board input and approval.**

**The actions of the CUS and LCMS boards concerning the review of the Proposal and lack of communication with CTX throughout the summer and fall of 2022 caused risk and confusion. The risk of the LCMS instituting retaliatory, ecclesiastical action under the Synod Bylaws against President Christian, CTX leadership, and its board of regents for introducing and pursuing the idea to create a new model of governance between the LCMS and CTX.**

9.      Please detail what actions of The LCMS have resulted in the alleged "tightening of control and restriction of mission that has been occurring over time," as referenced in Dr. Don Christian's email, dated November 9, 2022 (CTX 000247).

**ANSWER**: **CTX incorporates its answer to No. 8 here. In addition, CTX believed the proposed 7-03 Resolution evidenced an intent by the Church to constrict the mission of the schools, such as:**

   a.   **Bylaws that reflected a primary mission of training church workers and being a school of Lutheran students from Lutheran congregations;**
   b.   **A set of Lutheran Identity and Mission Outcomes that were overly prescriptive and reflected the above primary mission; and**
   c.   **An ecclesiastical accreditation process that reflected the above primary mission.**

5

10.     Please identify the intended individual recipients of Dr. Don Christian's email, dated November 9, 2022 (CTX 000247).

**ANSWER**: **Objection – Plaintiff claims that the actions of the Board of Regents on November 8, 2022, are void and alternatively seeks damages based on those actions. Nowhere in Plaintiff's complaint is there any allegation or relief sought with regard to the referenced email communication, which occurred after the Board actions. The Board actions are a matter of record and the referenced email communication has no bearing on the legal effect of the Board actions. The identities of individual recipients of the referenced email sent after the Board action are irrelevant and there is no likelihood that discovery of the identities of the recipients of the referenced email will lead to the discovery of admissible evidence. CTX is concerned that Plaintiff will use this information to interfere with the operation of CTX and its relationships with its students, staff, regents, alumni, and others, therefore Defendants further object that this interrogatory seeks information not for the purpose of discovery but for the purposes stated above.**

11.     Please identify any intended individual recipients of Dr. Don Christian's email, dated November 9, 2022 (CTX 000247) who responded to Dr. Christian's email.

**ANSWER**: **Objection – Plaintiff claims that the actions of the Board of Regents on November 8, 2022, are void and alternatively seeks damages based on those actions. Nowhere in Plaintiff's complaint is there any allegation or relief sought with regard to the referenced email communication, which occurred after the Board actions. The Board actions are a matter of record and the referenced email communication has no bearing on the legal effect of the Board actions. The identities of individual recipients of or their responses to the referenced email sent after the Board action are irrelevant and there is no likelihood that discovery of the identities of the recipients of the referenced email will lead to the discovery of admissible evidence. CTX is concerned that Plaintiff will use this information to interfere with the operation of CTX and its relationships with its students, staff, regents, alumni, and others, therefore Defendants further object that this interrogatory seeks information not for the purpose of discovery but for the purposes stated above.**

12.     Please identify the members of the CTX Board of Regents who voted at the April 4, 2023, special meeting, to reaffirm or approve the governance actions to amend CTX's charter, bylaws and policy manual at the CTX board meeting on November 8, 2022.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes.**

13.     Please identify the members of the CTX Board of Regents who voted at the April 4, 2023, special meeting, in approval to reaffirm or approve the governance actions to amend CTX's charter, bylaws and policy manual at the CTX board meeting on November 8, 2022.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes.**

14.     Please identify the members of the CTX Board of Regents who voted at the April 4, 2023, special meeting, against the CTX's Board of Regents resolution reaffirming or approving the governance actions to amend CTX's charter, bylaws and policy manual at the CTX board meeting on November 8, 2022.

**ANSWER**: **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes.**

15.     Please explain the purpose of the "CTX Amendments," as that term is defined in the First Amended Complaint (the Charter Amendment, the Bylaw Amendment and the Policy Manual Amendment collectively).

**ANSWER**: **Please refer to the Charter Amendment, the Bylaw Amendment and the Policy Manual Amendment, Bates numbered CTX_000382-000386 and CTX_000193-000244. The purpose was to establish that the governance of CTX is solely by the CTX Board of Regents.**

16.     Please explain why you passed the CTX Amendments.

**ANSWER**: **Please refer to the Charter Amendment, the Bylaw Amendment and the Policy Manual Amendment, Bates numbered CTX_000382-000386 and CTX_000193-000244. The purpose was to establish that the governance of CTX is solely by the CTX Board of Regents.**

17.     Please explain whether you agree that Resolution 7-03 (Exhibit Q to the Amended Complaint) is binding upon CTX.   If you do not agree, please explain why.

**ANSWER**: **CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. As a nonprofit corporation, CTX is bound by neutral principles of law.**

7

**Resolution 7-03 is an ecclesiastical document. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as Resolution 7-03.**

18.     Please explain whether you agree that the March 30, 2023, Commission on Constitutional Matters opinion is binding upon CTX.   If you do not agree, please explain why.

**ANSWER**: **CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. As a nonprofit corporation, CTX is bound by neutral principles of law. The March 30, 2023 Commission on Constitutional Matters opinion is an ecclesiastical document. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as the March 30, 2023 Commission on Constitutional Matters opinion.**

19.     Please explain whether you agree that The LCMS Constitution and Bylaws required CTX to submit for approval from The LCMS Commission on Constitutional Matters the CTX Amendments prior to being enacted by the CTX Board of Regents.   If you do not agree, please explain why.

**ANSWER**: **CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. As a nonprofit corporation, CTX is bound by neutral principles of law. Under the neutral principles of Texas law, the Board of CTX had and has authority to amend the CTX Articles of Incorporation, Bylaws, and other governing documents. The LCMS Constitution and Bylaws are ecclesiastical documents. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as the LCMS Constitution and Bylaws.**

20.     Please explain whether the actions of CTX in amending its governing documents required consent of Synod Board of Directors and Concordia University System, as set forth in the Synod 2019 Handbook Bylaw 3.6.6.4[i].

**ANSWER**: **CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. As a nonprofit corporation, CTX is bound by neutral principles of law. Under the neutral principles of Texas law, the Board of CTX had and has authority to amend the CTX Articles of Incorporation, Bylaws, and other governing documents. Synod 2019 Handbook Bylaw 3.6.6.4[i] does not refer to consent to amend governing documents; moreover, the Synod 2019 Handbook is an ecclesiastical document. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as Synod 2019 Handbook Bylaws.**

21. Please explain whether the actions of CTX in amending its governing documents required consent of Synod Board of Directors and Concordia University System, as set forth in the Synod 2019 Handbook Bylaw 3.6.6.4[i].

**ANSWER**: **CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. As a nonprofit corporation, CTX is bound by neutral principles of law. Under the neutral principles of Texas law, the Board of CTX had and has authority to amend the CTX Articles of Incorporation, Bylaws, and other governing documents. Synod 2019 Handbook Bylaw 3.6.6.4[i] does not refer to consent to amend governing documents; moreover, the Synod 2019 Handbook is an ecclesiastical document. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as Synod 2019 Handbook Bylaws.**

22. Please explain whether CTX's and its President's actions in the election/appointment of regents were consistent with the duties set forth in Synod 2019 Handbook Bylaws section 3.10.6 and subsection 3.10.6.6. If not, on what basis were these duties set aside.

**ANSWER**: **CTX objects that this is vague and overbroad in that it fails to identify which appointment/election of regents is the subject of this interrogatory. Subject to and without waiver of the foregoing objection, CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. The appointment/election of CTX regents is governed by the Articles of Incorporation, Bylaws, and other governing documents of CTX. The appointment/election of CTX regents for the years 2023 and 2024 complied with the requirements of the CTX Articles of Incorporation, Bylaws, and other governing documents. Synod 2019 Handbook Bylaw section 3.10.6 and subsection 3.10.6.6 are ecclesiastical documents. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as Synod 2019 Handbook Bylaw section 3.10.6 and subsection 3.10.6.6. Moreover, the election/appointment of regents is not referred to in Sections 3.10.6 and subsection 3.10.6.6.**

23. Please explain whether CTX Board of Regents actions were consistent with Synod 2019 Handbook Bylaws 1.5.1.3 and 1.5.2(b). If not, on what basis were these duties set aside.

**ANSWER**: **CTX objects that this is vague and overbroad in that it fails to identify which action or actions of the CTX Board of Regents is the subject of this interrogatory. Subject to and without waiver of the foregoing objection, CTX is a nonprofit corporation formed under, and bound by, the laws of the State of Texas. As a nonprofit corporation, CTX is bound by neutral principles of law. The actions of the CTX Board of Regents comply with the obligations of the board under neutral principles of Texas law. Synod 2019 Handbook Bylaws sections 1.5.1.3 and 1.5.2(b) are ecclesiastical documents. Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as Synod 2019 Handbook Bylaws sections 1.5.1.3 and 1.5.2(b).**

24. Please identify any real estate broker/agent engaged by CTX within the last 10 years.

**ANSWER**: **None.**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **THE LUTHERAN CHURCH – MISSOURI SYNOD, a Missouri nonprofit corporation** | § § § | |
| *Plaintiff*, | § § | **Case No. 1:23-cv-1042-RP** |
| **v.** | § § | |
| **DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1-12** | § § § § § | |
| *Defendants* | § | |

## VERIFICATION

My name Donald Christian. My date of birth is  05/18/1959 . My address is c/o Daniel R. Richards, Richards Rodriguez & Skeith, 611 W. 15th St., Austin, Texas 78701. I am the President of Concordia University Texas. I am over the age of 18 and am fully competent to make this verification. I have personal knowledge of the facts stated in Defendant Concordia University Texas, Inc.'s Answers to Interrogatories and they are true and correct.

I declare, pursuant to 28 USC § 1746, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  8/12/2024 .

DocuSigned by:

*Donald Christian*
─1E406773CAD048A...──────────────
**DONALD CHRISTIAN**