IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| THE LUTHERAN CHURCH—MISSOURI SYNOD, a Missouri nonprofit corporation, Plaintiff, | § § § § |
| v. | §   Case No. 1:23-cv-1042-DAE § |
| DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1–12 Defendants. | § § § § § § |

## **MOTION TO COMPEL**

The Lutheran Church—Missouri Synod, a Missouri nonprofit corporation ("LCMS"), submits the following Motion to Compel, seeking an order from the Court overruling Defendant Concordia University Texas, Inc's ("CTX") objections to LCMS's written discovery requests, and requiring CTX to provide complete responses to those requests.

## **Background**

This case is an ecclesiastical dispute between LCMS and CTX, which is an LCMS-created agency, over proper governance of CTX. On November 4, 2022, the CTX Board of Regents ("CTX Board") made various amendments to the CTX charter, bylaws, and policy manual, in violation of those charter, bylaws, policy manual and other governing documents in an attempt to remove CTX from the ecclesiastical governing authority of LCMS. LCMS sued, seeking—among other relief— a declaration from the Court that the actions of the CTX Board were illegal. LCMS also sued the members of the CTX Board who voted in favor of the amendments, for breach of their fiduciary duty to LCMS. Because the vote was conducted in secret, LCMS did not know (and still doesn't) the identity of the rogue regents, and therefore identified them in its First Amended Complaint as

1

John Does 1-12. Through the discovery process, LCMS has attempted to identify the John Does and learn more about the CTX decision to remove itself from the governance of LCMS—basic, but essential discovery. These discovery attempts have been thwarted at every step.

On July 12, 2024, LCMS served interrogatories and requests for production on CTX, to which CTX responded on August 12, 2024. A copy of CTX's Answers to Interrogatories is attached hereto and incorporated by reference as Exhibit 1; and a copy of CTX's Responses to Requests for Production is attached hereto and incorporated by reference as Exhibit 2. CTX objected to 15 of the 24 interrogatories, and 27 of the 46 requests for production, refusing to identify the regents who voted on amending the CTX charter, bylaws and policy manual, or produce documents reflecting communications between them, on the grounds that the identity of the regents and communications between them were irrelevant. *See* Exhibit 1 at Answers Nos. 1-7; Exhibit 2 at Responses Nos. 13 and 18. Importantly, CTX did not raise the First Amendment to the United States Constitution or the Religious Freedom Restoration Act ("RFRA") as a basis for any of its multiple objections. *See* Exhibits 1 and 2.

LCMS wrote to CTX on September 13, 2024, addressing the various objections CTX had raised in response to LCMS's written discovery requests. A copy of that letter is attached hereto and incorporated by reference as Exhibit 3. It was only after that letter that CTX raised the First Amendment and RFRA as grounds for resisting discovery, in its Amended Answers to Interrogatories and Amended Responses to Requests for Production on September 20, 2024. (Copies of those instruments are attached hereto and incorporated by reference as Exhibits 4 and 5 respectively.)

Other than asserting purported privileges under the First Amendment and RFRA, CTX's Amended Answers to Interrogatories and Amended Responses to Requests for Production do not

2

differ from the Answers and Responses they purported to amend. *Compare* Exhibit 1 *with* Exhibit 4; Exhibit 2 *with* Exhibit 5.

With its amended discovery responses, CTX promised a privilege log that has not been provided, and supplementation that has not yet occurred. *See* Exhibit 6 (September 20, 2024, letter from CTX counsel to LCMS counsel). LCMS has been left with no choice but to involve the Court in what should have been an unnecessary discovery dispute.

<u>Argument</u>

**A.     CTX's Objections are Unfounded**

As noted above, CTX objected to the majority of LCMS's discovery requests. In the argument below, LCMS does not contest all of these objections. Nor does LCMS seek the Court's intervention with respect to each and every discovery request to which CTX objected. Instead, LCMS has attempted to narrow its arguments to the most important discovery issues.

**1. Interrogatories**

**a.     Interrogatories Seeking Identity of Parties**

Interrogatories nos. 1-7, 12, 13 and 14 request the identities of CTX regents who voted for the CTX charter amendment, change in tax exempt status, the bylaw amendment, and the policy manual amendments that are at issue in this case. *See* First Amended Complaint at ¶ 5.  LCMS has made a claim against these regents for breach of their fiduciary duty.  *Id*. at ¶¶ 64-72. Because LCMS does not know the identity of these regents, it has identified them as John Does 1-12 in the First Amended Complaint, and in so doing, advised the Court that these Defendants would be specifically identified when LCMS finds out who they are. *See* First Amended Complaint at ¶ 5; *see also* Original Complaint at ¶ 5. CTX refused to answer each interrogatory, and asserted the same objection to each:

> Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.

*See* Exhibit 1 at Interrogatories Nos. 1-7, 12, 13 and 14.

These objections are unfounded for a number of reasons. First, it is LCMS's position that the individual regents serving on the CTX Board of Regents did not act, and do not continue to act, in accordance with the CTX governing documents that include CTX's bylaws, charter (*i.e.*, articles of incorporation), and the Synod Constitution and Bylaws in violation of their respective fiduciary duties owed to the LCMS Synod. That is essentially the basis for the lawsuit. *See* First Amended Complaint at ¶¶ 64-72. It is not appropriate for a Defendant to refuse to answer discovery because it disagrees with the Plaintiff's position in the lawsuit. "In general, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party **seeking discovery** or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993) (emphasis added).

Second, while some of the claims in the First Amended Complaint seek relief against CTX for the actions of the Board as a whole, LCMS has also asserted claims against individual regents, for breach of fiduciary duty. Not knowing which regents voted which way, LCMS has identified the regents being sued as John Does 1-12; and these interrogatories were an attempt to identify

those regents so that LCMS can amend its pleadings to identify the Doe Defendants by name, as it has advised the Court it would. *See* First Amended Complaint at ¶¶ 64-72. The votes by individual regents are absolutely relevant to the claims for relief made against them.

With respect to CTX's suggestion that it does not possess a document setting forth which regents voted which way, this discovery request is not a request for production of a document. It is an interrogatory, which may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Under Rule 26(b), LCMS may obtain discovery regarding any nonprivileged matter that is relevant to its claims and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). As noted above, the identity of the regents is certainly relevant to the claims of breach of fiduciary duty; and CTX has not suggested the interrogatory is not proportional. The Court may also take into account the importance of the issues at stake in this action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id*. Those factors weigh overwhelmingly in favor of requiring CTX to provide the requested information—the identity of the regents is important to identify the proper parties to the lawsuit, there is more than $111 million at stake,[1] LCMS does not have access to the information,[2] and there is very little burden involved in answering the interrogatory. Indeed, while CTX may not record individual votes, that information is certainly within CTX's possession, custody or control, as all it need do is ask the regents which way they voted.

---

[1] *See* First Amended Complaint at ¶ 8.
[2] LCMS attempted to obtain the information through subpoenas to four former regents. CTX blocked those subpoenas with its Motion for a Protective Order (Doc. 39).

### b. Interrogatories Seeking Identities of Potential Witnesses

Interrogatories nos. 10 and 11 request the identities of the people who received and/or responded to a November 9, 2022, e-mail sent by Defendant Donald Christian, the president of CTX. (A copy of that e-mail is attached as Exhibit 7.) CTX objected that the information sought is irrelevant, and that CTX has concerns LCMS would use the information to interfere with the operation of CTX. *See* Exhibit 1 at Interrogatories Nos. 10, 11. Both objections are unfounded.

One of LCMS's claims in the lawsuit is that Mr. Christian, Christopher Bannwolf (the chair of the CTX Board) and John Does 1-12 breached their fiduciary duties to the Synod and LCMS; and another is that Mr. Christian tortiously interfered with a contract between LCMS and CTX. The November 9, 2022, e-mail is an example of Mr. Christian's breach of fiduciary duty and tortious interference. Further, the people who received and/or responded to the e-mail are—at a minimum—witnesses to that breach, and one of the purposes of discovery is to identify all potential witnesses. *See, e.g.,* Fed. R. Civ. P. 26(a)(1)(A)(i) (requiring identification of individuals likely to have discoverable information). Accordingly, the interrogatories seek relevant information. Further, LCMS has no intention of using this information to interfere with CTX operations or its relationships with students, staff, regents, alumni or others, and concern about how information may be used is not a proper objection to discovery. If such an objection were proper, discovery would grind to a halt. Moreover, LCMS's damages are linked to the value of the university. *See* First Amended Complaint at ¶ 72. Therefore, it behooves LCMS not to interfere with CTX operations. Further, to the extent responsive information may be confidential, there is already a Confidentiality and Protective Order in place.

c. **Interrogatories Seeking CTX Position On Synod Documents**

Interrogatories 17-23 ask CTX its position regarding the binding effect of various Synod documents. They ask CTX whether it agrees to a certain proposition, such as whether Synod resolution 7-03 and the CCM March 30, 2023, opinion are binding (*see* interrogatories nos. 17, 18), and if not, the basis for its position. CTX objected to all such interrogatories, arguing, "Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as… [Synod and/or LCMS documents]." *See* Exhibit 1 at Interrogatories 17-23. That is not a proper objection to discovery.

CTX does not clearly object to any of the interrogatories on the basis of the First Amendment, instead apparently stating a legal position. Each interrogatory asks for a "yes" or "no" answer and an explanation. Without a proper objection, LCMS is entitled to a proper answer to each interrogatory. LCMS seeks—among other relief—a declaration from the Court that CTX is bound by Synod Resolution 7-03 and the CCM Opinion. *See* First Amended Complaint at ¶¶ 48-52. LCMS is therefore entitled to know whether CTX agrees it is bound, and if not why not.

Further, to the extent CTX's First Amendment argument is intended as an objection, it is incorrect, as courts routinely step in to assist parties with disputes over ecclesiastical documents. *See, e.g., Episcopal Diocese of Fort Worth v. Episcopal Church*, 422 S.W.3d 646 (Tex. 2013). Further, if ecclesiastical documents are incorporated into the civil governance of a religious entity, the court is authorized to rely on such documents in a civil case. Indeed, that is the case here. Further, LCMS is within its rights to ask for the documents in furtherance of its ecclesiastical governance of one of its agencies as is allowed by LCMS bylaw 3.3.4.10, which gives the LCMS board of directors the right to "obtain from an agency of the Synod all records and other

information…(b) pertaining to matters for which the Board of Directors has oversight responsibility under the Constitution and other provisions of these Bylaws, including financial records, records of operations, and information regarding legal affairs of such agency of the Synod." *See* First Amended Complaint, Exhibit B. Plaintiff's position is that CTX is an agency of the Synod subject to its oversight. *Id.* at ¶13. However, even considering Defendant's position that it is no longer an agency of the Synod, which Plaintiff disputes, the Defendant cannot dispute that it was an agency of the Synod at least through November 8, 2022, which is the date its board of directors improperly voted to amend CTX's charter, bylaws and policy manual. Finally, CTX filed its own lawsuit seeking declaratory relief regarding ecclesiastical documents. *See* Case No. 1:24-cv-176; *CTX v. LCMS*; In the United States District Court for the Western District of Texas, Austin Division. The "objection" should be overruled; and CTX should be compelled to properly answer these interrogatories.[3]

2. **Requests for Production**

    a.  **Information Since November 2022**

In response to several requests for production, CTX objected to producing any information created after November 8, 2022, on the apparent grounds that the lawsuit involves only actions taken on November 8, 2022. *See* Responses to Requests for Production Nos. 1-4, 9, 11, 13-16, 18, 19, 26, 28, 32 and 39 (Exhibit 2). That is incorrect. While the First Amended Complaint specifically identifies actions taken by CTX regents on November 8, 2022, LCMS also complains of actions taken following that time. *See, e.g.,* First Amended Complaint at ¶ 37 (complaining of

---

[3] CTX objected to interrogatories 22 and 23 on the grounds that they were "vague and overbroad," and then responded subject to the objections. To the extent clarification is necessary, LCMS was referring to the 2023 refusal to seat regents confirmed by the Synod and insertion of regents selected by CTX instead (Interrogatory No. 22); and the unauthorized amendment of the CTX governing documents (Interrogatory No. 23). *See* First Amended Complaint at ¶¶ 31-38.

CTX refusal to seat Synod-confirmed regents in August 2023). In addition, LCMS's damages continue to accrue. Accordingly, these objections must be overruled; and CTX must be required to supplement its production accordingly.

      b.      **Unsupported Claims of Privilege**

In response to requests for production nos. 6 and 8, CTX objected on the basis of privilege and indicated it would produce all non-privileged responsive documents and provide a log of any documents withheld on the basis of privilege. In response to requests for production nos. 9 and 11, which request information provided to the CTX Board of Regents at its April 4, 2023, meeting, CTX asserted that responsive documents are protected by the attorney-client and attorney work product privileges but did not promise a privilege log. *See* Exhibit 2 at Responses 6, 8, 9, 11. CTX's counsel also promised a privilege log with his September 20, 2024, letter (Exhibit 6). No privilege log has been provided. Accordingly, one must be compelled. *See also* Responses 13-16, 22-25, 27, 37-40, and 45 (promising a privilege log for withheld documents).

      c.      **Documents Promised But Not Produced**

Requests for production nos. 13-16 seek documents relating to the April 4, 2023, Board of Regents meeting. In response, CTX indicated it is conducting a search for responsive documents. It has now been more than two months since CTX provided these responses. It should not take that long to find documents relating to a specific meeting that took place last year.

Requests nos. 18 and 19 seek communications relating to the effect of the CTX Amendments. In response to both requests, CTX indicated it is conducting a search for responsive documents. No documents have been produced. CTX has acknowledged the intended effect of the CTX Amendments was to "remove CTX from LCMS governance." *See* September 12, 2024, Declaration of Donald Christian (Exhibit 8). It has known that since at least November 2022, when

the Board passed the CTX Amendments. Nearly one and half years should be more than enough time to locate the documents relating to the effect of the amendments. *See also* Exhibit 2 at Responses 29, 30, 31, 33, 34, 41-44 (promising production of documents).

### d. Miscellaneous Requests

Request for production no. 21 seeks documents relating to any attempt to sell or market real property owned by CTX. CTX objected, claiming that its attempts to sell or market real property are irrelevant to LCMS's claims. *See* Exhibit 2 at Response No. 21. But LCMS seeks damages for the entire value of the university, which necessarily includes its real estate holdings. *See* First Amended Complaint at ¶40. Further, the listing value of the real estate being marketed for sale is relevant to establishing damages in this case. This objection should be overruled; and CTX should be compelled to respond.

Requests nos. 22-25 seek communications regarding the seating of board members following the passage of the CTX Amendments. In response to each request, CTX asserted an objection on the basis of the attorney-client and attorney work product privileges. *See* Exhibit 2 at Response No. 22. But the requests don't seek communications with attorneys, or documentation of any attorney's thought process. They seek communications between regents, and between any regent and Mr. Christian, Mr. Bannwolf and/or Ms. Kirk, none of whom is an attorney. *See* Exhibit 2 at Request No. 22. This objection should be overruled; and CTX should be compelled to respond.

In response to request nos. 26 and 32, CTX again objects on the grounds that it is concerned the information produced will be used to interfere with the operation of CTX. *See* Exhibit 2 at Responses Nos. 26, 32. Again, that is not a proper objection, and there is a Confidentiality and Protective Order in place. This objection should be overruled; and CTX should be compelled to respond.

Request no. 27, seeking communications advising CTX regarding CTX Amendments, expressly excludes communications with attorneys, and yet CTX objected on the basis of attorney-client and/or attorney work product privilege. *See* Exhibit 2 at Response No. 27. Those privileges cannot apply to this request. This objection should be overruled; and CTX should be compelled to respond.

The university's current financial status is directly relevant to LCMS's claim for damages. Accordingly, CTX's objection to Request No. 28 is invalid. *See* Exhibit 2 at Request No. 28. This objection should be overruled; and CTX should be compelled to respond.

In response to request no. 35, which seeks communications between CTX and Concordia Plan Services, CTX objected that such information "is equally available to Plaintiff as it is to Defendant." *See* Exhibit 2 at Response No. 35. This is nonsensical. How would communications that LCMS didn't have be as accessible to LCMS as communications that CTX did have? This objection should be overruled; and CTX should be compelled to respond.

In response to request no. 39, CTX asserted that the First Amended Complaint is silent regarding resolutions adopted at the 2023 Synod Convention. *See* Exhibit 2 at Response No. 39. That is incorrect. *See* First Amended Complaint at ¶ 47. CTX also asserted that documents related to the resolutions have no bearing on the legal effect of the Board actions. *Id*. Respectfully, that is an issue to be resolved in this litigation, and CTX's declaration does not make it so. This objection should be overruled; and CTX should be compelled to respond.

CTX responded to Request No. 46 as overbroad. *See* Exhibit 2 at Response No. 46. Request no. 46 is intentionally broad. It seeks agreements that may impact the future income and/or value of the university. Further, CTX responded subject to its objection, saying it would produce

"responsive, selected documents" as soon as possible, which to date has not occurred. This objection should be overruled; and CTX should be compelled to respond.

**B.      All Privileges Have Been Waived**

As noted above, when CTX responded to LCMS's Interrogatories and Requests for Production, it did not object to Interrogatories Nos. 1-7 or 12-14, or Requests Nos. 9, 11, 22-25, 27 and 40 under either the First Amendment or RFRA. *Compare* Exhibit 1 at Interrogatories 1-7, 12-14 *with* Exhibit 3 at Interrogatories 1-7, 12-14; Exhibit 2 at Requests Nos. 9, 11, 22-25, 27 and 40 *with* Exhibit 4 at Requests Nos. 9, 11, 22-25, 27 and 40. Because those objections were not timely asserted, they have been waived. Moreover, CTX's attorney-client and attorney work product privileges have been waived as well for failure to provide a privilege log.

   **1.   First Amendment and RFRA Privileges Have Been Waived**

The Federal Rules of Civil Procedure require a party to timely respond and assert any objections to interrogatories and requests for production, including those of privilege, within 30 days. *See* Fed. R. Civ. P. 33, 34.  CTX's claims of privilege have been waived, as they were not timely asserted.

The "general rule" is that when a party fails to object timely to a discovery request, objections are waived. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1986). This general rule applies with equal force to all objections, including those based on privilege. *See, e.g., Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 154 (S.D. Tex. 2009) (attorney-client and attorney work product privileges may be waived when not timely asserted); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (Fifth Amendment privilege waived because not timely raised); *see also X Corp. v. Media Matters for Am.*, No. 4:23-cv-01175-O, 20224 U.S. Dist. LEXIS 184000 *5 (N.D. Tex., Nov. 30, 2023) (First Amendment privilege waived).

12

There is a "good cause" exception to this waiver rule. *See* Fed. R. Civ. P. 33(b)(4). However, CTX has not established, or even alleged, good cause for its failure to timely assert its alleged privileges. *See* Exhibit 6 (letter from CTX counsel advising that a privilege log would be forthcoming, but not offering any reason why privileges were not timely asserted). Thus, any First Amendment or RFRA privileges CTX may have had have been waived. CTX has also waived its attorney-client and attorney work product privileges for failure to timely provide a privilege log.

2. **Even Timely Asserted Privileges Have Been Waived**

When a party withholds information on the basis of a privilege, it must produce a log, describing the nature of the documents, and providing enough detail for the requesting party to be able to assess the claim of privilege. *See* Fed. R. Civ. P. 26(b)(5). The rules do not prescribe when such a log must be provided. However, given the circumstances of this case, CTX's failure to provide a privilege log within two months after serving its discovery responses is tantamount to a waiver of its alleged privileges. *See* Exhibit 6 (letter from CTX counsel acknowledging privilege log requirement); *see also EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (to preserve a privilege claim, CTX had to "provide sufficient information to permit courts and other parties to 'test[] the merits of' the privilege claim"); *X. Corp.*, 2024 U.S. Dist. LEXIS 184000 at *11 (party's failure to produce a privilege log at all is insufficient to preserve privilege).

The Ninth Circuit has provided a framework for a district court to consider in determining the timeliness and sufficiency of a privilege log:

> However, we also reject a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit. Instead, using the 30-day period as a default guideline, a district court should make a case-by-case determination, taking into account the following factors: (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); (2) the

> timeliness of the objection and accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of discovery in an earlier action) or unusually hard. These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process. They should not be applied as a mechanistic determination of whether the information is provided in a particular format. Finally, the application of these factors shall be subject to any applicable local rules, agreements or stipulations among the litigants, and discovery or protective orders.

*Burlington Northern & Santa Fe Ry. v. United States District Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (numbering added). Applying those factors to this dispute, the Court should find waiver.

First, because no privilege log has been provided, neither LCMS nor the Court can evaluate whether the withheld documents are indeed privileged. Second, although the assertions of attorney-client and attorney work product privilege were timely, because of the lack of supporting information, those privilege objections were really no more than boilerplate objections, which the courts abhor. Third, neither LCMS nor the Court can evaluate the magnitude of the document production, because CTX has provided no description or evaluation of what has been withheld. Fourth, the particular circumstances of this litigation should make responding to some aspects of the discovery easy, and not hard. CTX has known since at least November 2022 of LCMS's objections to the actions of the Board of Regents, and has known or should have known since no later than September 1, 2023, when this suit was filed, that LCMS would be inquiring into such things as the identities of the rogue regents, communications relating to the November 2022 and April 2023 Board meetings where the regents voted on the CTX Amendments, and the purpose and result of the CTX Amendments. All of the Ninth Circuit's criteria point to waiver of any asserted privileges. *See also X. Corp.*, 2024 U.S. Dist. LEXIS 184000 at *5 (privilege is waived

14

where party withholding documents fails to properly substantiate its objections by submitting evidence necessary to sustain its burden of proof to its objections); *United States. v. Fluitt*, 99 F.4th 753, 763-64 (5th Cir. 2024) ("The magistrate judge did not abuse her discretion in holding [the] privilege logs failed to adequately substantiate their assertions of privilege" when the privilege logs did "not provide a description for the documents/emails to explain why each should be protected from disclosure") (citation and internal quotation marks omitted).

**C.     A Privilege Log must be Provided**

Finally, even if the Court finds that CTX has not waived any of its asserted privileges, it should require CTX to provide a privilege log by a date certain so that LCMS (and the Court) can assess the privilege claims. Currently, no such assessment can be done.

**Conclusion**

LCMS requests that the Court overrule CTX's discovery objections and compel CTX to fully respond to LCMS's interrogatories and requests for production by a date certain. LCMS further requests such other relief, both legal and equitable, to which it may be justly entitled.

    Respectfully submitted,

By:   */s/ Steven Levatino*
Steven C. Levatino
State Bar No. 12245250
**Levatino|Pace PLLC**
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-637-1581
F: 512-637-1583
steven@lpfirm.com

        By: */s/ Andrew MacRae*
           Andrew F. MacRae
           State Bar No. 00784510
           MacRae Law Firm PLLC
           3267 Bee Cave Road
           Suite 107, PMB 276
           Austin, Texas 78746
           T: 512-565-7798
           andrew@macraelaw.co

        By: */s/ Gregg Kronenberger*
           Gregg R. Kronenberger
           State Bar No. 24039998
           Kronenberger Law Firm, PLLC
           1101 S. Capital of Texas Hwy.
           Bldg. K, Suite 125
           Austin, Texas 78746
           T: 512-777-4141
           F: 512-402-3313
           M: 512-923-3158
           gregg@gkronenberger.com

          *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing Motion has been filed through the CM/ECF system on October 22, 2024. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Daniel R. Richards
Clark Richards
Albert A. Carrion, Jr.
Richards Rodriguez & Skeith, LLP
611 West 15th Street
Austin, Texas 78701
*Attorneys for Defendants*

            */s/ Steven C. Levatino*
            STEVEN C. LEVATINO