

EXHIBIT 3

1101 S. Capital of Texas Hwy.
Building K, Ste. 125
Austin, Texas 78746
t: 512.637.1581
f: 512.637.1583

Writer's Email: steven@lpfirm.com

September 13, 2024

Mr. Daniel R. Richards                    *Via e-mail:* drichards@rrsfirm.com
Richards Rodriguez & Skeith, LLP
611 W. 15th St.
Austin, Texas 78701

RE:    Cause No. 1:23-CV-1042; *The Lutheran Church—Missouri Synod v. Donald Christian, et al.*, In the United States District Court for the Western District of Texas, Austin Division (the "Lawsuit")

Dear Dan:

I write to address your client's objections and responses to my client's interrogatories and requests for production.

**Interrogatories**

Interrogatories nos. 1-7, 12, 13 and 14 request the identities of CTX regents who voted for the CTX charter amendment, change in tax exempt status, the bylaw amendment, and the policy manual amendments, who we have identified as John Does 1-12 in the First Amended Complaint. You refused to answer each interrogatory, and asserted the same objection to each:

> **Objection – The Board of Regents of CTX was, and is, elected in compliance with the CTX bylaws and Articles of Incorporation. The CTX Board of Regents acted, and continues to act, in accordance with the bylaws and Articles of Incorporation. The complaints in this lawsuit seek relief against CTX for actions taken by the Board of Regents as a unitary body, which are reflected in the resolutions and minutes as recorded by the Board Secretary. Votes by individual regents are irrelevant to any claims or relief sought in this lawsuit. Further, CTX does not record individual votes by regents unless they are contained in the meeting minutes which are being produced.**

We believe this objection is unfounded for a number of reasons. First, it is our position that the CTX Board of Regents did not act, and does not continue to act, in accordance with the CTX bylaws and articles of incorporation. That is essentially the basis for the lawsuit. It is not appropriate to refuse discovery because of one's position in the lawsuit. Second, while some of the claims in the First Amended Complaint seek relief against CTX for the actions of the Board as a whole, we have also asserted individual claims against individual regents. Not knowing which

regents voted which way, we have identified the regents we are suing as John Does 1-12; and these interrogatories were an attempt to identify the regents so that we can amend our pleadings by the September 27 pleading deadline. Third, votes by individual regents are absolutely relevant to the claims for relief made against them. Fourth, while CTX may not record individual votes, that information is certainly within CTX's possession, custody or control, as all your client has to do is ask the regents still on the board which way they voted. (That is one of the questions that we intend to ask of the former regents we have subpoenaed.) Please withdraw your objection and respond to the interrogatories.

Interrogatories nos. 10 and 11 request the identities of the people who received and/or responded to Don Christian's November 9, 2022, e-mail. You objected that the information sought is irrelevant, and that CTX has concerns our client would use the information to interfere with the operation of CTX. Both objections are unfounded.

One of the claims in the lawsuit is that Mr. Christian, Mr. Bannwolf and John Does 1-12 breached their fiduciary duties to the Synod and LCMS; and another is that Mr. Christian tortiously interfered with a contract between LCMS and CTX. We believe the November 9, 2022, e-mail is an example of Mr. Christian's breach of fiduciary duty and tortious interference. Further, the people who received and/or responded to the e-mail are—at a minimum—witnesses to that breach, and one of the purposes of discovery is to identify all potential witnesses. Accordingly, the interrogatories seek relevant information. Our client has no intention of using this information to interfere with CTX operations or its relationships with students, staff, regents, alumni or others. Concern about how information may be used is not a proper objection to discovery. Further, to the extent responsive information may be confidential, there is already a Confidentiality and Protective Order in place.

Interrogatories nos. 17-19 ask whether CTX agrees with certain propositions. In response to each, CTX provided an explanation without answering the interrogatory. I think it is implicit in each response that the answer is "CTX does not agree," but please amend the answers to make the lack of agreement explicit.

In response to interrogatories nos. 17-23, you argue, "Under the First Amendment to the United States Constitution, courts of the United States of America and the State of Texas do not have jurisdiction to enforce the contents of ecclesiastical documents such as… [Synod and/or LCMS documents]." It is not clear to me whether you are stating an objection to responding to discovery or stating your client's legal position. To the extent that is an objection and information has been withheld, we do not think it is proper, as courts routinely step in to assist parties with a dispute over ecclesiastical documents. *See, e.g., Episcopal Diocese of Fort Worth v. Episcopal Church*, 422 S.W.3d 646 (Tex. 2013). Further, if ecclesiastical documents are incorporated into the civil governance of a religious entity, the court is authorized to rely on such documents in a civil case. In fact, that is the case here. Further, your client filed its own lawsuit seeking declaratory relief regarding ecclesiastical documents. Please clarify your client's position, and to the extent you have withheld any information on the basis of this position, either withdraw the objection and supplement your discovery responses, or provide a privilege log.

**Requests for Production**

In response to several requests for production, you have objected to producing any information created after November 8, 2022, on the apparent grounds that the lawsuit involves only actions taken on November 8, 2022. That is incorrect. While the First Amended Complaint specifically identifies actions taken by CTX regents on November 8, 2022, we also complain of actions taken in April 2023, and actions taken and not taken all the way through August 2023. In addition, our client's damages continue to accrue. Accordingly, please withdraw the objections asserted in response to requests for production nos. 1-4, 9, 11, 13-16, 18, 19, 26, 28, 32 and 39, and supplement your production accordingly.

In response to requests for production nos. 6 and 8, your client indicates it will produce all non-privileged responsive documents and provide a log of any documents withheld on the basis of privilege. Please let me know when we can expect to receive the responsive documents and/or the privilege log.

In response to requests for production nos. 9 and 11, which request information provided to the CTX Board of Regents at its April 4, 2023, meeting, you assert that responsive documents are protected by the attorney-client and attorney work product privileges. Please provide a privilege log to support your contention.

Requests for production nos. 13-16 seek documents relating to the April 4, 2023, Board of Regents meeting. In response, you indicate that CTX is conducting a search for responsive documents. It has now been nearly a month since your client provided these responses. Please update us on the search for documents and supplement your production. You also indicate that you will produce a log of any responsive documents withheld on the basis of privilege. We know of no privilege that would attach to communications between regents, or between regents and Mr. Christian, Mr. Bannwolf or Ms. Kirk; but if any documents have been withheld on the basis of privilege, please produce a log.

Requests nos. 18 and 19 seek communications relating to the effect of the CTX Amendments. In response to both requests, your client indicates it is conducting a search for responsive documents. Please advise on the status of that search and produce a log of withheld documents. With respect to the objection in response to request no. 19, that CTX is concerned that our client will use responsive information to interfere with the operation of CTX, concern about how information may be used is not a proper objection to discovery.  Further, to the extent responsive information may be confidential, there is already a Confidentiality and Protective Order in place.

Request for production no. 21 seeks documents relating to any attempt to sell or market real property owned by CTX. You objected, claiming that CTX's attempts to sell or market real property are irrelevant to our client's claims. We disagree. Our client seeks damages for the entire value of the university, which necessarily includes its real estate holdings. Further, the listing value of the real estate being marketed for sale is relevant to establishing damages in this case. Please withdraw the objection and supplement your production with responsive documents.

Requests nos. 22-25 seek communications regarding the seating of board members following the passage of the CTX Amendments. In response to each request, you asserted an objection on the basis of the attorney-client and attorney work product privileges. But the requests don't seek communications with attorneys, or documentation of any attorney's thought process. They seek communications between regents, and between any regent and Mr. Christian, Mr. Bannwolf and/or Ms. Kirk, none of whom is an attorney. Please withdraw your objections and produce responsive documents. If you still contend a privilege applies, please produce a privilege log.

In response to request nos. 26 and 32, your client again objects on the grounds that it is concerned the information produced will be used to interfere with the operation of CTX. Again, that is not a proper objection, and there is a Confidentiality and Protective Order in place. Please withdraw that objection.

Request no. 27, seeking communications advising CTX regarding CTX Amendments, expressly excludes communications with attorneys, and yet you have objected on the basis of attorney-client and/or attorney work product privilege. Those privileges cannot apply to this request. Please withdraw the objections and respond accordingly.

The university's current financial status is directly relevant to our client's claim for damages. Please withdraw the objection to request no. 28 and supplement your production accordingly.

You indicate in response to requests nos. 29, 30, 31, 33, 34, 43 and 44 that responsive documents will be produced. Please supplement your production accordingly.

In response to request no. 35, which seeks communications between CTX and Concordia Plan Services, you object that such information "is equally available to Plaintiff as it is to Defendant." I don't understand the basis for such an objection—please explain.  Further, your client indicates it is conducting a search for additional responsive documents. Please advise on the status of that search.

In response to request nos. 36, you advise that your client is conducting a search for responsive documents. Please advise on the status of that search.

In response to requests nos. 37, 38 and 45, you advise that all non-privileged responsive documents will be produced, and a log will be provided for all documents withheld on the basis of privilege. Please advise on the status of the search and provide a log for any withheld documents.

In response to request no. 39, you assert that the First Amended Complaint is silent regarding resolutions adopted at the 2023 Synod Convention. That is incorrect—please refer to paragraph 47 of the First Amended Complaint. You also assert that documents related to the resolutions have no bearing on the legal effect of the Board actions. Respectfully, that is an issue to be resolved in this litigation, and your client's declaration does not make it so. Please withdraw these objections.

You further object to request no. 39 on the grounds that it seeks documents protected by the attorney-client and attorney work product privileges. Please either withdraw those objections or provide a privilege log identifying documents withheld on the basis of privilege.

In response to request no. 40, you appear to have copied and pasted your objection to interrogatories nos. 1-7, 12, 13 and 14. For the reasons stated above, we do not think that objection is well founded, and we request it be withdrawn. You further object to request no. 40 on the grounds that it seeks documents protected by the attorney-client and attorney work product privileges. Please either withdraw those objections or provide a privilege log identifying documents withheld on the basis of privilege.

Requests nos. 41 and 42 seek communications relating to the lawsuit and/or dispute between CTX and LCMS. In response to both requests, your client indicates it is conducting a search for responsive documents. Please advise on the status of that search and produce a log of any withheld documents.

Request no. 46 is intentionally broad. It seeks agreements that may impact the future income and/or value of the university. Please produce the "responsive, selected documents" as soon as possible.

As you know, the deadline for our client to amend its pleadings is September 27, 2024. Some of the information sought in discovery is important to that pleading deadline. Accordingly, please withdraw your objections and supplement your discovery responses on or before September 20, 2024. If you would like to discuss any aspect of this letter and/or your discovery responses, please advise.

Sincerely,

Levatino|Pace PLLC

By: _____
      Steven C. Levatino


cc:     Andrew MacRae
        Clark Richards
        Albert Carrion