**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| THE LUTHERAN CHURCH—MISSOURI SYNOD, a Missouri nonprofit corporation, Plaintiff, | § § § § | |
| v. | § § | Case No. 1:23-cv-1042-DAE |
| DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1–12 Defendants. | § § § § § § | |

<u>**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL**</u>

The Lutheran Church—Missouri Synod, a Missouri nonprofit corporation ("LCMS"), submits the following Reply Brief in support of its Motion to Compel ("Motion") (Doc. 47).

<u>**Introduction**</u>

1.     Defendant Concordia University Texas, Inc. ("CTX") spends much of its Response (Doc. 48) to LCMS's Motion explaining its delay in producing documents and a privilege log—neither of which had been produced at the time LCMS filed its Motion. Pursuant to the Court's Order (Doc. 46), the parties are scheduled to confer on November 11, 2024, in an attempt to narrow down the issues for the hearing scheduled for November 14, 2024, relating to LCMS's Motion and CTX's Motion for a Protective Order (Doc. 39). LCMS anticipates the parties being able to work through some of the discovery issues for the Court to address, and accordingly will not reply to each and every argument raised by CTX in defense of its delayed production and privilege log. However, LCMS does wish to address specific arguments CTX makes in its Response that raise issues not raised in the Motion.

1

**Argument**

2.        LCMS has not waived its objection to CTX's alleged First Amendment privilege.
CTX argues that because LCMS did not challenge CTX's assertion of privilege pursuant to the
First Amendment to the United States Constitution, any objection to that assertion has been
waived, the privilege applies, and the Motion must therefore be denied. *See* Response at ¶ 32
(Doc. 48). This argument mischaracterizes the case law used to support it and ignores the fact that
LCMS has objected vigorously to the purported First Amendment privilege.

3.        CTX cites two cases to support its waiver argument: *Terry Black's Barbecue,
L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450 (5th Cir. 2022), and *Magee v. Life Ins. Co. of N.
Am.*, 261 F.Supp.2d 738 (S.D. Tex. 2003).  Neither stands for the proposition that if one party
does not challenge a privilege assertion in a motion to compel discovery, that privilege mandates
the motion be denied. Both cases address waiver in the context of a party failing to respond to
another party's argument in a dispositive motion. In *Terry Black's*, the Fifth Circuit found that by
failing to address the defendant's motion to dismiss its extra-contractual claims, the plaintiff had
abandoned those claims.  22 F.4th at 459. And in *Magee*, the district court found that because the
plaintiff did not address the defendant's preemption argument in her response to the defendant's
motion for summary judgment, she conceded the argument. 261 F.Supp.2d at 748 n.10. CTX does
not cite, and LCMS has not found, a case concluding that by not raising an issue in a motion, the
party filing that motion has waived it.

4.        Moreover, CTX's Response ignores the fact that when LCMS filed its Motion, it
had already filed its Response to CTX's Motion for a Protective Order (Doc. 42), in which LCMS
devoted nearly 10 pages of argument addressing CTX's claims that it can hide essential discovery
behind an alleged First Amendment privilege. *See* Response to Motion for a Protective Order at

5-14 (Doc. 42).[1] To suggest that by not reiterating those arguments in its Motion to Compel is to somehow waive them is an argument without merit. CTX's claims that it is entitled to thwart discovery based on an alleged First Amendment privilege are currently a central issue in this litigation.

5.    CTX cannot avoid discovery through an unfiled dispositive motion. CTX tries to avoid advising LCMS of the names of the CTX Regents who voted to remove CTX from the authority of LCMS, by arguing those Regents do not owe a fiduciary duty to LCMS.  *See* Response at ¶ 34. In essence then, CTX argues that LCMS cannot conduct discovery in support of one of its claims because it will not prevail on that claim. That is not how discovery works.

6.    The scope of discovery is defined by Rule 26 of the Federal Rules of Civil Procedure—parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The names of the CTX Regents who voted to separate from LCMS are obviously relevant to LCMS's claims against them, so the only possible ground to refuse naming the Regents is if that matter is privileged— which is of course the First Amendment question already presented to the Court. Whether LCMS can recover against those Regents is an issue to be decided at trial, or through summary judgment.[2] CTX has filed no such motion, and should not be permitted to avoid discovery by asserting, in a response to a motion to compel, that it thinks it will ultimately prevail. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 354 (5th Cir. 1989) ("summary judgment should not…ordinarily be granted before discovery has been completed"); *see also George v. Go Frac, LLC*, No. SA-

---

[1] To the extent necessary, LCMS incorporates these arguments as part of its Motion to Compel.
[2] CTX has filed a motion to dismiss (Doc. 13), which is still pending.  In that motion, CTX does not allege that CTX Regents do not owe a fiduciary duty to LCMS.

15-CV-943-XR, 2016 U.S. Dist. LEXIS 1581 *6-7 ("granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature").

## <u>Conclusion</u>

LCMS requests that the Court overrule CTX's discovery objections and compel CTX to fully respond to LCMS's interrogatories and requests for production by a date certain. LCMS further requests such other relief, both legal and equitable, to which it may be justly entitled.

Respectfully submitted,

By:  */s/ Steven Levatino*
Steven C. Levatino
State Bar No. 12245250
**Levatino|Pace PLLC**
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-637-1581
F: 512-637-1583
steven@lpfirm.com

By:  */s/ Andrew MacRae*
Andrew F. MacRae
State Bar No. 00784510
MacRae Law Firm PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746
T: 512-565-7798
andrew@macraelaw.co

By:  */s/ Gregg Kronenberger*
Gregg R. Kronenberger
State Bar No. 24039998
Kronenberger Law Firm, PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-777-4141
F: 512-402-3313
M: 512-923-3158
gregg@gkronenberger.com
***Attorneys for Plaintiff***

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Reply has been filed through the CM/ECF system on November 8, 2024. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Daniel R. Richards
Clark Richards
Albert A. Carrion, Jr.
Richards Rodriguez & Skeith, LLP
611 West 15th Street
Austin, Texas 78701
***Attorneys for Defendants***

       */s/ Steven C. Levatino*
STEVEN C. LEVATINO