IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE LUTHERAN CHURCH – MISSOURI SYNOD, a Missouri nonprofit corporation, | § § § § § | |
| Plaintiff, | § § | CASE NO. 1:23-cv-1042-DAE |
| v. | § § | |
| DONALD CHRISTIAN, CHRISTOPHER BANNWOLF, CONCORDIA UNIVERSITY TEXAS, INC., & JOHN DOES 1-12 | § § § § § § | CASE NO. 1:24-cv-00176-DAE |
| Defendants. | § § § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION**

The Lutheran Church – Missouri Synod ("LCMS"), a Missouri nonprofit corporation, hereby submits its Reply Brief in Support of its Objections to the Magistrate's Report and Recommendation. (Doc. 52.)

**INTRODUCTION**

CTX's brief does not materially respond to the merits of the legal arguments raised by LCMS. Instead, CTX makes layered requests that the Court simply not review or consider those arguments. For example, and tellingly, rather than acknowledge the literal, provable intent behind TUUNAA which confirms that Synod's act to incorporate as LCMS removes it from the scope of the act, CTX asks this Court to ignore what is plainly before it. CTX must advocate for avoidance of the merit and substance of the argument because applying the Act as intended defeats CTX's jurisdictional games. For this same reason, CTX asks this Court to disregard Rev. Sias' declaration

1

and attached materials as well, which this Court must consider as a matter of law in determining the First Amendment questions before it.

This case is at its inception. The issues before the Court deal with jurisdiction, the threshold question for all litigation. Moreover, resolution of this threshold question appears to involve matters of first impression in Texas, this District and the Fifth Circuit. This includes fundamental questions regarding the application of a uniform act that will provide persuasive authority for many federal and state courts interpreting and applying TUUNAA's state counterparts. LCMS asks this Court to decline CTX's invitation to avoid thorough consideration and discussion of these important questions, the resolution of which will reach beyond the life of this case and these Parties.

## ARGUMENT

LCMS's objections are thorough, well supported, and will not be repeated here. In reply, LCMS will focus on two narrow issues, rebut miscellaneous points of law raised by CTX, and otherwise stand on its objections. The two primary reply issues are: (a) waiver/statutory construction; and (b) CTX's ongoing misrepresentations that Synod has pled and concedes that it holds "substantive rights" in this case. Synod has not and does not.

**I.   This Court has the Discretion to and Should Address and Rule on all Arguments before It.**

LCMS asks the Court to review, consider and apply all arguments before it in answering this question: Does TUUNAA create an unincorporated nonprofit association when the organization or group has already chosen to incorporate? If it does not, as the drafters state in unequivocal terms, the Court cannot accept the Report. This is a question CTX does not want this Court to answer based upon consideration of all the merits. Similarly, LCMS asks that the Court consider all First Amendment arguments and materials before it.

*Waiver*

There is no waiver.  Jurisdictional questions cannot be waived and can be raised at any time.  Here the application of TUUNAA, the First Amendment questions, and this Court's jurisdiction are inextricably intertwined.  These jurisdictional arguments cannot be waived, and the Court must consider its own jurisdiction and all factors before it weighing upon that decision. *Union Pac. R. Co. v. Bhd. of Locomotive Engineers & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 130 S. Ct. 584, 175 L. Ed. 2d 428 (2009) ("Subject matter jurisdiction properly comprehended. . . . can never be forfeited or waived."); *Stoll v. Gottlieb*, 305 U.S. 165, 172 (1938) ("[A] court must have the power to determine whether or not it has jurisdiction of the person of a litigant, or whether its geographical jurisdiction covers the place of the occurrence under consideration.").

Regardless, LCMS's arguments are not waived because it has always argued that TUUNAA is not intended to, and does not, create a parallel "unincorporated nonprofit association" where a group has already chosen to incorporate.  This has been fundamental to LCMS's argument throughout the case.  Reliance on statutory intent provides aggregate support for an existing legal argument, rather than injecting a wholly new argument.  Further, even if the Court considers those arguments "waived" in the technical sense, it nonetheless has the discretion to consider purely legal arguments so long as the other side has had an adequate opportunity to brief them, which CTX has done extensively. This principle has been expressly recognized by the Fifth Circuit in the context of legal arguments raised in objections to a magistrate's report.  *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 (5th Cir. 1999) (argument not raised until objection to magistrate's recommendation not waived where argument was purely legal in nature and opposition fully briefed the issue).

With regard to the additional evidence to which CTX objects – the Declaration of Rev. Sias and related exhibits – the Court should exercise its discretion to consider all arguments and evidence before it.  The Court should exercise its discretion in the interest of justice for at least two reasons.

First, this Court must consider the Sias declaration and exhibits because they are pertinent to application of the Church Autonomy Doctrine as discussed in LCMS's objections. *See* Objection at 21-27 (Doc. 58).

Second, the circumstances satisfy the four (4) factor analysis for considering additional evidence, which are: "(1) reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available; (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted." *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847 (5th Cir. 2003). Each militates in favor of review.

As noted in LCMS's objections, courts are to avoid searching inquiries into and entanglements with church governance and polity.  *See* Objection at 21-24 (Doc. 58).  As such, LCMS originally complied with those strictures by only citing to the language of its governance documents.  However, once the Magistrate recommended creating a secular legal entity out of a purely ecclesial body in a way wholly at odds with, and destructive to, LCMS polity and internal governance, more doctrinal, historical and faith-based materials were required to illustrate the extent to which the Report risks severe violations of LCMS's First Amendments rights.  This information is critically important because failure to consider it risks violation of core First Amendment protections of religious organizations' rights to self-govern pursuant to their own chosen hierarchy and polity.  Although the evidence was previously available, the reasons for not

presenting it were based on First Amendment jurisprudence dictating that searching inquiries are to be avoided.  Finally, there can be no unfair "prejudice" flowing to any party by virtue of a court considering all facts relevant to its own jurisdiction, which it must do in every case.[1]

### *Statutory Construction*

CTX presses a second avoidance argument regarding the intent and purpose of TUUNAA: That the Court should not consider what TUUNAA's drafter's explicitly say – that it ***does not apply to groups that have already incorporated*** – because the Court should not "construe" the statute unless it is ambiguous or would lead to absurd results.  First, CTX ignores that Texas statutorily ***requires*** this Court to construe uniform acts consistent with their original intent: "A uniform act included in a code ***shall be construed to effect its general purpose to make uniform the law of those states that enact it.***"  Tex. Gov't Code § 311.028 (emphasis added).  This is non-discretionary and entirely consistent with Fifth Circuit jurisprudence recognizing that official comments to uniform acts are "by far the most useful aids to interpretation and construction." *Weathersby v. Gore*, 556 F.2d 1247, 1256 (5th Cir. 1977).  CTX is asking this Court to violate Texas law by refusing to consider the expressed purpose and intent of UUNAA.

Second, the exceptions based on ambiguity and absurdity apply.  First, the only manner in which TUUNAA is unambiguous here is that it facially regards only ***unincorporated*** nonprofit associations and, as such, does not apply to entities that already have incorporated. The only other interpretation is that it is ambiguous as to whether it applies to groups which have already incorporated.  However, the official comments and official prefatory notes remove that ambiguity with remarkable clarity.  Further, if the Court accepted the Magistrate's Report it would lead to an

---

[1] A court may look beyond the pleadings to affidavits, discovery, declarations and other types of evidence to consider both subject matter and personal jurisdiction. *Pena Arita v. United States*, 470 F. Supp. 3d 663, 679 (S.D. Tex. 2020); *Lloyd's Syndicate 457 v. Am. Glob. Mar. Inc.*, 346 F. Supp. 3d 908 (S.D. Tex. 2018).

obvious absurdity – finding that a group that chose to incorporate remains an unincorporated nonprofit association afterward, which is directly contrary to what UUNAA's drafters are telling this Court. All the Court has to do is look at that evidence of statutory intent, which is required by the explicitly stated public policy of the State of Texas.

This is why review is consistent with jurisprudential efficiency. Matters of first impression for both Texas and the Fifth Circuit are before the Court, specifically regarding the judicial formation of unincorporated nonprofit associations in the context of TUUNAA, a uniform act adopted by fourteen other states. This decision will resonate beyond this lawsuit to other UUNAA jurisdictions that will look to it for guidance. Engaging in the full analysis now will help further resolve this issue, which may arise in other UUNAA states.[2] This is consistent with Texas public policy, which statutorily requires courts consider the original intent and purpose of uniform acts for this precise reason: "to effect [the uniform act's] general purpose *to make uniform the law of those states that enact it.*" Tex. Gov't Code § 311.028 (emphasis added). The issues are ripe and now is the time.

II. **Synod Documents Demonstrate that Synod does not Claim or Seek to Enforce "Substantive Rights" of Its Own – All Rights Asserted are those of LCMS.**

Although LCMS has repeatedly proved that the substantive rights it is attempting to protect belong to LCMS alone and can be pursued by LCMS, CTX continues to try to muddy the waters and paint Synod as the party holding those substantive rights. But it does not. CTX argues that "LCMS's own pleadings make it clear that all of the alleged substantive rights belong to Synod, not to LCMS," purportedly relying on the Magistrate Judge's improper holding in the Report to

---

[2] Based on LCMS's research no court has ever held that a group which elects to incorporate remains an unincorporated nonprofit association after that act nor, does it appear, has any litigant ever argued the point in a published opinion. This is likely because the official comments and prefatory notes to UUNAA make clear that the act does not apply to groups who have chosen to incorporate.

6

that effect. Response at 3 (citing to Report at 7-9). But LCMS's pleadings, and the uncontroverted evidence it provided in support of LCMS's position, make it clear that LCMS is the holder of the substantive rights to be enforced.

When CTX first made the misleading argument that LCMS was attempting to enforce rights it did not hold, in its Motion to Dismiss (Doc. 13), LCMS pointed out to the Court that CTX had taken some materials out of context and misquoted and misconstrued others. *See* Response to Motions to Dismiss and to Remand at 3-4 (Doc. 23). For example, CTX claimed Synod had the "power to purchase, hold, administer and sell property," when the provision of the Constitution that CTX erroneously quoted actually stated, "The Synod in convention is empowered to and has formed corporate entities which shall have legal powers…" to purchase, hold, administer and sell property. *Id*. at 4. Of course, Synod exercised those powers to create LCMS, which has purchased, held, administered and sold property.

LCMS also provided perspective and clarity with a declaration from Rev. Dr. John W. Sias, the Secretary of LCMS, who testified: (a) Synod does not exist as a separate civil entity from LCMS and is not a civil law association which it disclaims; (b) according to express ecclesiastical law of the Synod, Synod is not a civil law entity (and its actions are secularly consistent with that); (c) rather, Synod created LCMS to carry out those secular functions, including the ability to sue and be sued; (d) LCMS's and Synod's Constitution and Bylaws are the same; (e) Synod's officers and directors are those of LCMS, exercising ecclesial functions for the Synod and legal functions for LCMS; (f) all Synod property is owned by LCMS or another corporation to which Synod has delegated specific authority to hold title; (g) Synod directly owns no property; (h) Synod does not enter into contracts; (i) Synod does not have any bank accounts; and (j) Synod does not do business in any civil sense. *See* Declaration of Rev. Dr. John W. Sias at ¶¶ 4-9 (Doc. 23-1). Other than this

case (i.e., 1:24-cv-0176 DAE), Synod has never sued or been sued in a civil court. That is precisely because Synod holds no litigable substantive rights.

The only conceivable conclusion to be reached from this *uncontroverted* and *undisputed* testimony is that it is LCMS, not Synod, which holds the substantive rights sought to be enforced in this proceeding. Yet the Magistrate Judge did not even reference Dr. Sias's declaration in the Report, and CTX has never corrected its erroneous characterization of the documents in the record. Instead, it used that mischaracterization to mislead the Magistrate Judge into an improper conclusion. LCMS now seeks to correct the injustice CTX's mischaracterization promulgated.

### III.   Miscellaneous Rebuttals.

Briefly, LCMS responds to two miscellaneous arguments and statements from CTX which are not accurate and warrant clarification.

- At ¶ 15 of its Response, CTX cites to *Peterson v. Chi. R. I. & P. R. Co.*, 205 U.S. 364 (1907) for the proposition, in CTX's words, that "it is well recognized that when one entity incorporates another, the two remain distinct for legal proceedings." (Resp. at 8-9.) In fact, *Peterson*'s holding, citing to and discussing the Court's prior holding and factual scenario in *Conley v. Mathieson Alkali Works*, 190 U.S. 406 (1903), firmly supports LCMS's position that the act of incorporation matters and once effected the latter formed corporation is the proper party. Moreover, *Conley* involved a corporation which formed another corporation, both of which continued to operate in their separately incorporated forms on a variety of separate business ventures. As such, *Conley* and *Peterson* have no bearing on the Magistrate's creation of an unincorporated nonprofit association despite that group having already incorporated. Both cases bolster LCMS's position.

- At ¶ 16 of its Response, CTX cites to *United Steelworkers of Am. v. R. H. Bouligny, Inc.*, 382 U.S. 145 (1965), and claims that the Supreme Court expressed no concern with the citizenship of an unincorporated association being determined by the state of residency of its members. (Resp. at 9-10.) That is not the issue here. The issue here is that Synod chose to incorporate so that it would not operate as an unincorporated nonprofit association and, instead, would operate as a nonprofit corporation, named LCMS, under Missouri law. In *United Steelworkers* the labor union was at all times, and by choice remained, an unincorporated association. It has no bearing on the critical inquiry here and its application resolves no issues before the Court.

- At ¶ 15 of its Response, CTX misleadingly misquotes by omission the Alabama Supreme Court's decision in *Trinity Presbyterian Church v. Tankersley*, 374 So.2d 861 (Ala. 1979). CTX argues the case supports the proposition that "Synod" (or any other ecclesial body) can be considered a party despite incorporating because *Trinity* holds that post-incorporation "the two are still treated as distinct entities." (Resp. at 9.) In support, CTX quotes the following portion of the opinion: "The Courts in this state have long recognized the concept that, whenever there is an incorporated church, there exists two entities." *Trinity Presbyterian Church*, 374 So.2d at 866. However, CTX omits the rest of the paragraph:

> Stated otherwise, there is a spiritual church and a secular legal corporation, each separate though closely connected. Each entity has a separate purpose. Questions involving the spiritual church are ecclesiastical in nature, and civil courts cannot decide any questions concerning this entity. In contrast, the secular corporate entity is formed by the state and performs civil functions, e. g., holding title to church property, and is in no sense ecclesiastical in its function; therefore, civil courts can decide questions concerning the corporation.

*Id*. The same rationale applies here.

**CONCLUSION**

LCMS requests that the Court Grant its Objections to the Magistrate's Report and Recommendations (Doc. 58), Deny the underlying Motion to Dismiss (Doc. 13), and Deny the Motion to Remand consolidated herewith (Doc. 5) (i.e., 1:24-CV-0176 DAE) and for such other relief in law and equity that the Court determines is in the best interest of justice.

Respectfully submitted,

By: */s/ Steven Levatino*
Steven C. Levatino
State Bar No. 12245250
**Levatino|Pace PLLC**
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-637-1581
F: 512-637-1583
steven@lpfirm.com


By: */s/ Andrew MacRae*
Andrew F. MacRae
State Bar No. 00784510
MacRae Law Firm PLLC
3267 Bee Cave Road
Suite 107, PMB 276
Austin, Texas 78746
T: 512-565-7798
andrew@macraelaw.co

By:   */s/ Gregg Kronenberger*
Gregg R. Kronenberger
State Bar No. 24039998
Kronenberger Law Firm, PLLC
1101 S. Capital of Texas Hwy.
Bldg. K, Suite 125
Austin, Texas 78746
T: 512-777-4141
F: 512-402-3313
M: 512-923-3158
gregg@gkronenberger.com

***Attorneys for Defendant***
***The Lutheran Church—Missouri Synod,***
***a Missouri Nonprofit Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply has been filed through the CM/ECF system on January 15, 2025. I understand the CM/ECF system will send a Notice of Electronic Filing to the following counsel of record:

Daniel R. Richards
Clark Richards
Albert A. Carrion, Jr.
Richards Rodriguez & Skeith, LLP
611 West 15th Street
Austin, Texas 78701

    */s/ Steven C. Levatino*
    STEVEN C. LEVATINO